Parsons, C. J.
The complaint made by the plaintiff to the magistrate, upon which the recognizance sued in this action was taken, is founded on the statute of 1785, c. 66, and is given to enable her to compel the putative father of her child to contribute to its maintenance when born. The pregnant woman may, under the provisions of this statute, complain to a justice of the peace, who may thereupon cause the party, accused as the putative father, to be brought before him on warrant; and on the examination of the woman, he may bind the party accused, with sufficient surety or surtiicy to appear and answer at the next Court of Common Pleas.
As a party may be bound with sureties as well by recognizance as by bond to the complainant, if the statute had not explained in what manner vhe accused is to be bound, perhaps the mode [ * 397 ] of binding might be at the option of the * justice, unless it should on gei.eial principles be supposed to be confined to recognizance.
But theie is a further provision, that if the woman be not delivered at the next court, or be unable personally to attend, the court may, unless the sureties object, order the continuance of his bond; which order, entered on record, shall have the same effect as a recognizance to appear at the next term.
The legislature have therefore defined the manner of binding over with sureties the party accused, to be by his bond to the complainant, and not by recognizance. And in this distinction the legislature have acted wisely. For the party or his sureties cannot be relieved against the condition of the recognizance ; but they may be against the penalty of the bond. If, therefore, the recognizance is forfeited, the woman may recover the whole sum in which *333 the accused was recognized ; who is also, on a further prosecution, answerable, if adjudged the putative father, to contribute to the maintenance of the child. So the recognizance may be sued, if the child be still-born, or even if the party accused be acquitted of the charge against him.
But if he be bound by bond, although the condition may be broken at law, yet the Court can relieve against the penalty, on the payment of merely nominal damages, if the complaint be found false, or if the putative father otherwise give security for his contribution to the maintenance of the child; or the penalty may be reduced, so as to cover and be a security for that maintenance.
We are, therefore, on the ground that the justice in this case was not authorized to take this recognizance, of opinion that the declaration is bad, and not sufficient for the plaintiff to have the execution therein prayed for.