TAYLOR & UX. *vs* HUGHES & AL.

A bond given in a prosecution under the bastardy act, conditioned that the accused shall appear and abide the order of Court, obliges him to the payment of such money as the Court shall order for the maintenance of the child, as well as to the giving of a new bond for the performance of such order.

THIS was an action of debt on a bond, given in a prosecution under the bastardy-act, conditioned that the principal defendant should appear at the next Court of Common Pleas, and from day to day during the term, and *abide the order of Court* in the prosecution against him, &c.   The order was in the usual form, after a judgment of filiation, that the defendant should pay a certain sum for the past support of the child, and a fixed weekly rate for its future maintenance ; and that he should give security with sufficient sureties for the performance of the order, and the indemnity of the town. The defendants pleaded in bar that the party prosecuted was present during the sitting of the Court, and was then and ever since had been ready and willing to surrender himself to prison, had the Court so ordered.   To which the plaintiffs demurred.

*Godfrey,* being called on by the Court to support the plea in bar, said that the original defendant had done all in his power, by appearing and submitting to the jurisdiction of the Court.   Not being able to find sureties in a new stipulation, he should have been committed to prison ; but no order being made by the Court to that effect, he was at liberty, at the end of the term, to depart.

*McGaw,* for the plaintiffs.

The opinion of the Court was delivered as follows by

MELLEN C. J.   The single question in this case is, whether the condition of the bond declared on has been broken.   To determine this question we must ascertain the meaning and extent of the condition.   The statute of 1821, *ch.* 72, in the first section, provides that when a person is charged in the manner the section prescribes, he shall be held to give bond with sufficient sureties to appear at the next Court of Common Pleas, " to an-
" swer to such accusation and abide the order of Court thereon."

In another part of the section a further provision is made that, if the accused is found guilty by the jury, or he by default or plea acknowledges himself to be so, " he shall be adjudged the reputed " father of such child, and stand charged with the maintenance " thereof, with the assistance of the mother, as the Justices of " the same Court shall order; and shall give security to perform " the said order, and to save the town or place which might oth- " erwise be chargeable with the maintenance of such child, free " from charge for its maintenance ; and may be committed to " prison until he find sureties for the same." The condition of the bond in this case goes farther than the language of the stat- ute ; but we do not in our decision, take this circumstance into consideration. By the declaration it seems that the accused did appear at Court according to the condition, and attended upon it during its continuance in session ; and by the plea it further appears that he was always ready to be committed to prison, if such had been the order of the Court ; but it is not alleged or pretended that he ever complied with the order of Court as set forth in the declaration. The question then presents itself, what is the meaning of " abiding the order of Court ;" or does it not mean any thing ? The condition is that he shall appear at Court and answer to the complaint ; and abide the order of Court there- on. Now, we know that in such cases the Court pass no order till after the guilt of the accused has been established, in one of the modes pointed out in the statute. To what, then, can the condition be applicable, but the order of Court as to the main- tenance of the child ? But it is urged that the meaning of the above expression must be considered as controlled, and confined to those acts which the accused is to perform during the session of the Court on which he attends; because the Court are author- ized to demand of him security for the maintenance of the child and indemnification of the town or place, which would be other- wise chargeable ; and may commit him to prison until he shall give such security. To this it is replied that this new security which the Court may require, is only a superadded one ; and one, which for various reasons may not be obtained or offered ; as in those instances in which the accused does not even appear at Court ; and, if he does, leaves it again without appearing after

the verdict, to hear or obey the order which they may pass.    It seems by the record in the present case, that though the Court passed the order as to the security to be given, and payments to be made towards the maintenance, there was no order for the commitment of the accused until it should be complied with. We do not feel at liberty to decide that the words in the condition " and abide the order of Court thereon" have no meaning, and are to be rejected as surplusage ; especially, when the facts before us present us a case where the clause seems all important to the plaintiff.    But we do not rest our opinion on this reasoning. We think the question before us has been considered and a construction given to such a bond as that we are considering.    We allude to the case of *Merrill v. Prince* 7 *Mass.* 396.    This was *scire facias* on a recognizance taken by a justice of the peace of *Prince,* when charged by the plaintiff as being the father of a child with which she was pregnant, which, if born alive, would be a bastard.

The Court decided that the action could not be maintained, because the magistrate should not have taken a recognizance but a bond.    *Parsons* C. J. in delivering the opinion of the Court and comparing the two kinds of security, and the advantages of a bond in preference to a recognizance, says, " The party or his sure-" ties cannot be relieved against the condition of a recognizance; " but they may against the penalty of a bond." "If he be " bound by bond, although the condition may be broken at law, " yet the Court can relieve against the penalty on payment of " merely nominal damages, if the complaint be found false, or if " the putative father otherwise give security for his contribution " to the maintenance of the child ; or the penalty may be reduc- " ed, so as to cover and be a security for that maintenance." This language of the Chief Justice is all founded on the principle that the condition of the bond extends to a performance of the order of Court consequent on the adjudication of the accused as the reputed father of the child ; and seems to establish the construction for which the plaintiffs' counsel has contended.    On the whole, we are of opinion that the plea in bar is bad and insufficient in law.