The opinion of the Court was afterwards drawn up by
Shaw C. J.
The principal in the bond having avoided and failed to comply with the order of the court, there was a breach of the condition, if the bond was then in force. But it is contended for the defendants, that the effect of the condition was to appear at the April term, and abide the order of the court, (to be then made, and that thenceforth the obligation of this bond ceased.
This question depends upon the construction of the statute upon this subject. St. 1785, c. 66, § 2.
This statute provides, that every justice of the peace, to whom complaint is made by any woman, &c., may at his discretion nind the accused to the next court, with sufficient surety or *202 sureties, to answer such accusation and abide the order of court thereon. And if the woman be not then delivered, or be unable to attend, the court may order the continuance or renewal of his and her bond, &c., and the continuance of such bonds to the next court entered thereon by order of the court, (unless the surety or sureties shall object thereto,) shall have the same forcé and effect as a recognizance taken in court, for the next term.
Does it appear that the court ordered a continuance of this bond, within the meaning of the statute ? We are of opinion that it does so appear, that the bond was well continued, and had force and effect as such at the next term of the court. We think it is not necessarv that the continuance should be written on the bond itself; but if it appears by the records and proceedings of the court, that the bond was ordered to be continued, it is a compliance with the requisitions of the statute. This is strongly implied, though not expressly ruled, in a former case in this Court, (Merrill v. Prince, 7 Mass. R. 396,) in which Chief Justice Parsons, speaking of such a bond, and the authority of the court to order a continuance of it, adds, “ which order entered on record, shall have the same effect as a recognizance to appear at the next term.” We think that the entry of a continuance on the docket, necessarily intends a continuance of all the acts and proceedings belonging to the case, entered under the name of JLdams v. Whiting, which were necessary to give effect to the prosecution pending before the Common Pleas, under that name. The facts show that the complaint and bond were filed together, with other papers connected with that prosecution and designated by that title.
In order to give legal effect to such continuance, it is not necessary that the sureties should assent; it is sufficient that they do not object. Such being the legal effect of their obli-r gation, which they are presumed to know, if they would object they must appear and make their objection known. Aftér the entry of a continuance, and no notice of any objection appearing, it will be presumed that none was made. But here it appears by the facts, that the continuance was entered, “neither of the defendants objecting.” Being of opinion that *203 this bond was duly continued, and by virtue of the statute, was in force as a bond at the September term of the court, the default and avoidance of Whiting at that term were a breach for which the plaintiff is entitled to recover.[1]

Penalty of the bond adjudged forfeited.

 See Rev. Stat. c, 49, § 2.