### NANCY JORDAN *versus* JOSIAH B. LOVEJOY *et al.*

A bond given, pursuant to *St* 1785, *c.* 66, § 2, by a person accused of being the father of a bastard child, to appear at court and answer to the accusation and abide the order of the court thereon, is forfeited by non-appearance and default, without a judgment of filiation.

After a forfeiture of such a bond is established on issue or by default, the obligor is entitled to a hearing in chancery, on which the judgment shall be entered, not for the penalty, but for such sum as shall be equitably due.

DEBT on a bond, dated July 19, 1834, with a penalty of 400 dollars, payable to the plaintiff. The condition was, that Lovejoy should appear at the Municipal Court for the city of Boston, to be held on the first Monday of August 1834, to answer to an accusation made by the plaintiff on her examination on oath before the Police Court, charging him with being the father of a bastard child of which she was pregnant, and that he should abide the order of the Municipal Court thereon.

The defendants, after oyer, pleaded a general performance of the condition.

The plaintiff replied, that she entered her complaint and accusation in the Municipal Court, at the August term, and that Lovejoy did not appear but made default ; whereupon, the plaintiff being unable personally to attend, the accusation and the bond were continued, neither of the sureties objecting, to the next term, to be held on the first Monday of September, and at that term Lovejoy did not appear, but made default, as by the record thereof appears.

The defendants rejoined, that the child was not born until after the September term had commenced, and that the plaintiff did not enter any complaint or accusation against Lovejoy until the last day of the term, and that she was not able to attend and did not attend to prosecute her complaint, and that, on the first day of the next term, in October, Lovejoy attended with his witnesses and sureties, and gave notice that he was ready to try the issue and to abide the order of the court, but that the plaintiff did not appear to prosecute her complaint, and that Lovejoy had not at any time been adjudged by the Municipal Court the reputed father of any child of which the plaintiff had been delivered, and that that court had

not ordered that he should stand charged with any sum to-
wards the maintenance of any such child.

The pleadings terminated in a demurrer and joinder.

*Field*, for the defendants, cited *Wilbur* v. *Crane*, 13 Pick.
284 ; Swift on Evidence, 90.

*Bartlett*, for the plaintiff, cited *Merrill* v. *Prince*, 7 Mass.
R. 396 ; *Hill* v. *Wells*, 6 Pick. 105.

SHAW C. J. delivered the opinion of the Court. These
pleadings, though somewhat long and complex, present but a
single question, which arises on *St.* 1785, *c.* 66, § 2. The
statute requires the person charged as the father of a bastard
child, to give bond with sufficient sureties, to appear at the
next court, to answer to such accusation, and to abide the or-
der of court thereon. Such was the condition of the bond
declared on in this case, as set out on oyer. To a plea of
general performance, the replication of the plaintiff sets forth
that she did enter her complaint at the next court, that the
bond was continued, pursuant to the statute, there being no
objection thereto by the sureties, to the next term of the
court in September, that the defendant at that term did not
appear, but made default, which was duly entered of record
The defendant attempts to avoid this breach, by rejoining that
the complainant herself would not have been ready for trial till
the October term of the Municipal Court, and that the de-
fendant was ready, at that time, to appear and answer. He
further relies upon the averment, that there has never been
any judgment of the Municipal Court, charging him as the pu-
tative father, and no order of maintenance. The only ques-
tion, in the opinion of the Court, is, whether the replication
discloses a breach of the bond, that is, whether the bond is
forfeited, by a default, without a judgment of filiation. It
appears sufficiently clear from the statute, though in many re-
spects obscure, that there can be no adjudication without a
trial, and that there can be no trial, until the respondent has
appeared to answer. The statute provision is, that the party
shal. be charged notwithstanding his denial, and shall give se-
curity as well to perform the order of court, as to save the
town harmless, unless the pleas and proofs and the circum-
stances shall be such, that the jury shall find him not guilty,

and the verdict of the jury shall be final. The provisions imply that the respondent is to appear and answer, and put himself on trial ; and if he do not appear, the court can render no judgment, nor make any order, and can only enter his default. · The consequence is, that upon such default, the only remedy of the complainant is upon the bond, and the whole object and purpose of the bond would be defeated, if such default and failure to appear and answer, were not deemed a breach of its condition.

By the statute, a continuance of the bond to the next court, the sureties not objecting thereto, shall have the same force and effect, as a recognizance, taken in court for the next term. Here it appears, the bond was filed at the August term, and a continuance of it entered, so that it stood in force for the next term, at which the complaint was duly entered. The default being then duly recorded, was, in the opinion of the Court, a breach of the condition of the bond, upon which this action can be maintained. The parties being out of court, and the prosecution at an end in the Municipal Court by this default, any offer to appear at a subsequent term would be nugatory and void, if it could be proved ; it could not avoid the effect of a breach once established, and the averment to that effect, in the rejoinder, is no legal answer to the breach set forth in the replication.

The obligation is adjudged forfeited.

On a subsequent day, a prayer was made by the defendants for a hearing in chancery. It was resisted on the ground that, by the terms of the statute as above cited, such bond is to have the force and effect of a recognizance, and that upon the forfeiture of the recognizance there can be no hearing in chancery. *Merrill* v. *Prince*, 7 Mass. R. 396.

*March 26th.*     SHAW C. J. It is a general rule of law, in this Commonwealth, a rule prescribed by statute, (*St.* 1785, *c.* 22, § 1,) that every bond and obligation with penalty, shall be liable, after forfeiture established on issue or by default, to an inquiry in chancery, on which the judgment shall be entered, not for the amount of the penalty, but for such sum as may be found equitably due. This is a remedial provision, and ought

to have a liberal construction to promote the equitable intent, and is not to be controlled in any particular case, unless by some well settled rule of law, or plain statute provision. The statute relied upon is that above cited, that a bond so continued shall have the same force and effect as a recognizance taken for the next term. The Court are of opinion that the construction contended for would be too literal and not conformable to the intent of the legislature. The object was to provide, that although the condition in terms is, to appear at that term, yet if the sureties do not object, it shall enure as an obligation to appear at the next term, with the like force and effect, as if taken for that term. One thing may be like another, in one respect, and yet not alike in all respects. It is not to be construed without plain and clear words, to have been the intention of the legislature to provide, that obligors, principal and sureties, should be held to pay the whole penalty of the obligation, though by the death of the child, or other cause, a small part of it only would discharge the whole claim, to which the statute intended to make the putative father liable.

The prayer to be heard in chancery is granted.