Shaw, C. J.
The only question in the present case is, whether the facts show a breach of the defendants’ bond, being a bond in common form, given in pursuance of the provisions of the bastardy act, Rev. Sts. c. 49, § 1. The condition of the required bond is, “ to appear and answer to the said complaint, at the next court of common pleas and to abide the order of court thereon.” And by § 2, it is declared, that such bond shall remain in force until final judgment. The legal effect of this condition is, not only that the party charged shall appear and take his trial; but he is bound to take notice of the sittings and adjournments of the court, to which the complaint is returnable, to follow the case, if legally removed by appeal or exceptions, to the supreme judicial court, and back to the court of common pleas if legally remanded to that court, and so until a final judgment is entered in due course of law, and then to abide the order of court.
The final order of the court having jurisdiction of the case, usually is, that the party adjudged the putative father shall pay a gross sum, for expenses already incurred by the complainant, and also pay certain sums at certain times for the future support of the child. And the law requires that he shall give bond with sureties, to perform the order. Now although the law provides that the respondent shall give bond, his duty and legal obligation to pay money, is created by the judgment and not by the bond; the bond is in its nature collateral, and not requisite to the legal validity of the order or judgment. Such bond when required and given as part of the final order and judgment of the court, is intended not only to secure future payments to the complainant, where any are ordered, but also to indemnify the town against expenses. But where at the time of the judgment, the child is dead, or *297 from any other cause, all the expenses have been incurred, and no further charge can come upon the complainant or the town, the judgment consists of a simple order to pay a certain liquidated sum of money, and there is less occasion for requiring a bond. If the court were not obliged to require a new bond, as essential to the regularity and validity of the judgment, then they were not required to make the alternative order for the commitment of the respondent, on failure to give bond. The whole decree and final judgment in this case consisted of an order to pay one liquidated sum to the complainant, and another fixed sum for costs.
We have already said that the condition of the defendants’ original obligation was to abide the final order of the court. To “ abide,” we think, as used in this statute, is to “ perform,” to “ execute,” to “ conform to,” such order. Taylor v Hughes, 3 Greenl. 433.
We do not overlook the fact, that it does not appear by the record that the defendant was defaulted, but, although it is proper and convenient that such default be entered, we have not attributed to it the importance, which the counsel for the defendants appear to attach to it. The obligation to appear and abide the final order and judgment, in force through the entire proceedings, although it did not oblige the defendant to attend court personally and constantly, yet did require him to take notice, by himself or his representative, of each step in the proceeding, and to attend personally when his personal attendance was by law necessary. On a final judgment, when the court make an order on the respondent for the payment of money, and where he is required by law to give a new bond with sureties, or be committed to prison until he give such new bond, he must be personally present, in order that the latter alternative may be complied with. It is his legal duty, therefore, to be there personally, to the performance of which duty, his original obligation to abide binds him. If he was not there personally, it was a breach of his obligation to appear; if he was there, and did not comply with the order, by paying the money or giving the required security, such failure was a breach of his obh^Vion to abide
*298 This conclusion derives strength from the consideration, that there is no provision in the bastardy act, that any new warrant, or coercive process of any sort may issue, after the original arrest, and after the respondent has been liberated on giving the bond therein required; nor is there any provision that the court may issue an execution to enforce any judgment they may render. The complainant’s whole security depends upon the condition of the bond then given. There is a provision, indeed, that 'the court may order a new bond to be taken, as in case where the sureties in the bond shall object to being any longer held liable, or if the court shall for any cause deem it proper; “ and the defendant shall stand committed until he give such new bond.” But to enforce this requisition the court may pass an order requiring the defendant’s personal attendance, in order to make the alternative order, that he stand committed; the term presupposes his personal presence. A failure to comply with such order to attend would be a breach of the bond. Whether under this provision, the sureties, objecting to being any, longer liable,would have the right of bail on mesne process at common law, to arrest their principal and bring him into court and surrender him, is, we believe, an undecided question; but if they cannot, it is very clear they cannot have the benefit of this provision for a discharge of their suretyship, unless their principal will come in voluntarily, because it is very clear that under this provision, they cannot be discharged, unless the defendant is personally present in court, to give a new bond, or stand committed. M’ Hugh, petitioner, 3 Cush. 452.
It is found in the present case, that after the final order of the court, the defendant was served with notice of it, by certificate from the clerk, and exception is taken to that form of notice. But if the court are right in the foregoing views, no formal notice was necessary;. the defendant was bound to take notice of the order and pay the sum adjudged, or give security for it,- or surrender himself in discharge of his sureties, to be committed; and a failure to do either, was a breach of his bond, for which he and his sureties are responsible.

New trial ordered.