Philbrick *v.* Buxton.

## PHILBRICK *v.* BUXTON.

The defendant appealed from a judgment of the Court of Common Pleas to the Supreme Judicial Court, and entered into a recognizance to the plaintiff to enter and prosecute his appeal, and pay all such costs as the plaintiff should, on final judgment, recover against him.—*Held*, that the recognizance was forfeited by a breach of the condition in either particular; either by failing to enter and prosecute his appeal, or to pay the costs, &c., and that a breach of the condition in one respect is not cured or remedied by its performance in the other.

In the absence of any statute provision conferring the authority to do so, this court cannot consider in equity the forfeiture of a recognizance, and render judgment for the amount due thereon in good conscience; but when the recognizance is forfeited, judgment must be rendered for the whole amount of the forfeiture.

DEBT upon a recognizance. At the April term, 1858, of the Court of Common Pleas for this county, the plaintiff recovered a verdict, by consent, against the defendant, for fourteen dollars damages, in an action then pending in said court, in her favor, against the defendant, and

judgment was rendered thereon against the defendant for the sum of fourteen dollars damages, and the sum of fifty-eight dollars and thirty-six cents costs of suit, from which judgment the defendant appealed to the next trial term of the Supreme Judicial Court for said county, then next to be holden on the second Tuesday of September, 1858, and said defendant thereupon entered into a recognizance to the plaintiff in the sum of two hundred dollars, to enter and prosecute his said appeal, and pay all such costs as the said plaintiff should, on the final judgment, recover against him. The said defendant neglected to enter his said appeal in the Supreme Judicial Court at the September term, 1858. Thereupon the said plaintiff moved for leave to enter said appeal at said September trial term of said court; to which the defendant objected. The plaintiff thereupon entered her complaint at said term of said Supreme Judicial Court, praying that the judgment recovered by her as aforesaid, in the Court of Common Pleas, should be affirmed, with costs and interest. The said judgment was thereupon affirmed by said Supreme Judicial Court, with additional costs, to wit, for the sum of fourteen dollars damages, and costs taxed at sixty-five dollars and fifty-six cents; and upon the eighth day of October, 1858, an execution issued upon said judgment last named, in favor of the plaintiff against said defendant, for damages and costs as aforesaid, which execution was fully paid and satisfied before this suit was commenced. This action is founded upon said recognizance. The plaintiff claims to recover said sum of two hundred dollars. The defendant claims that the judgment recovered in the Court of Common Pleas, having been affirmed with additional costs, and the execution that issued thereon having been satisfied, the plaintiff is barred from maintaining this action.

It was agreed that if, upon the foregoing statement of facts, this action can be maintained, the defendant is to

plead thereto, but if not, the plaintiff is to become nonsuit; and the questions of law were transferred.

*Morrison & Stanley,* for the plaintiff.

*Clark & Smith,* for the defendant, cited *Campbell* v. *Howard,* 5 Mass. 377; *Robbins* v. *Appleby,* 2 N. H. 223; *Roberts* v. *Warren,* 17 Vt. 46; *Drew* v. *Chamberlain,* 19 Vt. 573; *Brown* v. *Clarke,* 28 Vt. 690; *Hodge* v. *Platt,* 1 Hemp. 14.

SARGENT, J. The recognizance upon which the present action of debt is founded was entered into upon an appeal from the Court of Common Pleas to the Supreme Judicial Court, under the 4th section of chapter 1659 of the pamphlet laws of this State, being the act "to remodel the judiciary system, and for other purposes," approved July 14, 1855, which section is as follows: "In all civil actions, where the Court of Common Pleas have not exclusive jurisdiction, either party shall have the right to appeal from the decision of that court to the Supreme Judicial Court, at the trial term next to be holden in the county, the appellant furnishing security, to the satisfaction of the court, for the prosecution of his appeal, and the payment of the costs which, in the final judgment, may be recovered against him." Section seven regulates the allowance of costs upon the appeal to the one party and the other depending upon the result of the appeal. Section twenty-eight provides that the party appealing in such cases must enter his appeal in the court appealed to, at the next term thereof after such appeal is taken, and shall produce attested copies of all papers used and filed in the cause in the court below; "and if he shall fail so to do, the judgment of the court below, on complaint of the opposite party, shall be affirmed, with such costs and interest as the court may order."

Philbrick *v.* Buxton.

Under the provisions of section four the practice of the Court of Common Pleas was, in furnishing the security required, to allow the appellant to do so, either by furnishing a bond in some suitable sum, with sufficient sureties, or by entering into a recognizance with sureties, which bond or recognizance was conditioned according to the provisions of section four, to prosecute the appeal and pay costs, &c.

The condition of the bond or recognizance here, is somewhat different from that in the recognizance on an appeal from a justice of the peace in a civil cause. There, the party appealing must recognize, with sufficient sureties, in a sum, &c., " to pay the costs which may be recovered against him." Rev. Stat., ch. 175, sec. 7. Pamphlet Laws, ch. 1698. The appellant does not obligate himself to prosecute his appeal. He may do as he chooses about that, and whether he does so or not, if he pays the costs which are recovered against him, that satisfies the condition of the recognizance, and it matters not whether these costs are recovered, after the entry of the appeal on final judgment, or without entry, and upon complaint of the other party for costs. The recognizance in the case at bar is conditioned that the appellant " shall enter and prosecute his appeal," &c., which is, in terms, more than the statute requires in the section referred to, the appellant there being only required to " prosecute his appeal." But treating all that is said in relation to the entry as surplusage, all that the statute requires would still be left in the recognizance.

The first question, then, that arises, is, was the condition of the recognizance complied with, or was it forfeited ? That the appellant paid all costs which, in the final judgment, were recovered against him, is admitted. But did he prosecute his appeal ? In *Hobart* v. *Hilliard*, 11 Pick. 143, which was debt on a recognizance entered into upon an appeal from the justice's court to the Court of

Common Pleas, the plaintiff in the justice's court appealed and recognized according to the terms of the statute in that State, " to prosecute his appeal with effect, and pay all intervening damages and costs." The appellant simply entered his appeal in the Common Pleas, and thereupon became nonsuit; and this plaintiff—the defendant in that suit—recovered his judgment for costs. One ground relied upon by the plaintiff in this suit upon the recognizance was, that the recognizance had been forfeited, because the defendant did not prosecute his appeal with effect, and that was one averment in the declaration. But the court held that this averment was negatived by the fact admitted in the declaration, namely, that the party appealing did enter his appeal, and that he prosecuted it until he became nonsuit. The court then add : " Now this, we think, was prosecuting the appeal with effect, and with an effect most favorable to the defendant"—the appellee. " He was thereupon immediately entitled to judgment for his costs, and it is averred that judgment was rendered in his favor accordingly. The appeal was therefore prosecuted with effect, and it was prosecuted to final judgment. Whether judgment was recovered on nonsuit or by verdict of a jury is altogether immaterial. In either case there would be no breach of this part of the condition of the recognizance."

And we think that in the case before us the party appealing must, in order to prosecute his appeal, do what our statute, before cited, in section 28, prescribes that he shall do, viz., enter his appeal and produce the copies of the case. Probably this would be sufficient, but whether it would or not is immaterial here, since even this was not done, nor any part of it; but when the appellee desired leave to enter the appeal, the appellant objected.

The appeal was not, therefore, prosecuted by the appellant. But does this forfeit the recognizance ? or does the

Philbrick *v.* Buxton.

fact that the plaintiff has recovered a judgment in the court above, upon complaint, confirming the judgment of the court below, with additional costs, and that this judgment has been satisfied, satisfy the condition of the recognizance ? We think the latter cannot be the correct position. The recognizance is conditioned that two distinct things shall be done : the appeal must be prosecuted by the appellant, and he must also pay the costs which may be recovered against him ; and a failure to perform either of these conditions forfeits the recognizance, and that forfeiture cannot be cured by a performance of some other part of the condition. Suppose the appellant had entered his appeal and prosecuted it, and so performed that part of the condition, yet, if he had failed in the end to pay the costs which were recovered against him, he could not excuse himself upon the ground that he had prosecuted his appeal. He could not plead the performance of one part of the condition of the recognizance as an excuse for the non-performance of the other. He was bound to perform both, or forfeit his recognizance. *Hobart* v. *Hilliard, ante ; Swan* v. *Picquett,* 4 Pick. 465. A warrantee deed contains many distinct covenants, a breach of any one of which makes the grantor liable. So a mortgage may be given to secure many separate debts or undertakings, but a failure to pay or perform any one of them is a breach of the condition ; and as well might the grantor in the former case, and the mortgagor in the latter, claim that they were excused from the breach of one covenant, or the non-payment of one note, by the faithful performance or payment of all the others, as the appellant in this case, that his bond or recognizance was not forfeited by the non-performance of one of the conditions, because some other one, or all the rest, had been performed.

In *Commonwealth* v. *McNiel,* 19 Pick. 127, on a complaint under their statute that the respondent was a dan-

gerous and disorderly person, and intended to commit an offence, he was bound over, and entered into recognizance to appear personally at the municipal court, &c., then and there to answer to such matters and things as should be objected against him, &c., and in the mean time to keep the peace and be of good behavior. Upon *scire facias* against one of the sureties upon this recognizance, it was held that although, in the case specified, the object of the complaint was to prevent a challenge to fight a duel, yet, as the police court had, in that case, legal authority to bind the respondent over, not merely to keep the peace but also for his appearance at said municipal court, the recognizance was forfeited by the respondent failing to appear personally at said municipal court, even though he might have kept the peace, and might have appeared at said court by attorney; and for his non-appearance personally the recognizance was adjudged forfeited.

The recognizance having been forfeited, the plaintiff can maintain his action, and the only remaining question is, how much is he entitled to recover? and what rule shall be adopted in fixing the amount of the defendant's indebtedness? And here it may make a difference as to the form in which the appellant furnished the security required, whether by bond or by recognizance. Either form was satisfactory to the court, and safe for the appellee, and probably it may not have occurred to the appellant at the time, that it made any difference to him in which form the security was given, and it would not have made any difference with him had he performed what the law required of him. But as he had his choice of the modes of furnishing his security, he cannot now be heard to complain that he selected the one that would bear hardest upon him in case of his failure to perform the conditions of his obligation.

This court has all the powers and jurisdiction of the former Common Pleas and Superior Courts. Pamphlet

Laws, chaps. 1659 and 2211.   It is provided in the Revised Statutes (ch. 190, sec. 8), that "in all actions for the recovery of any penalty or forfeiture, in any obligation or contract under seal, the Superior Court or Court of Common Pleas shall render judgment for the amount which shall be equitably due."   This provision is borrowed from the statute of 1829 (Laws of 1830—511), and this last provision is borrowed from the act of 1791, establishing courts of law, &c., in this State (Laws of 1815—63), where the justices of the Court of Common Pleas and of the Superior Court of Judicature are, in cases of forfeiture of the penalty of any obligation with a condition underwritten, &c., "authorized respectively to chancer such forfeiture, and make up judgment thereon for the plaintiff, for such sum as is due in equity and good conscience."   Now, if the appellant had furnished his security upon his appeal, by giving a bond under seal, in the ordinary form, and a suit had been brought upon such bond, then we should be obliged in some way to ascertain the amount equitably due, and to render judgment only for that amount.   Whether that would be done by the finding of a jury, the report of a commissioner, or the finding of the court, is not now important to consider; and whether it might have been proper, under such circumstances, to have inquired into the merits of the original controversy, so as to have settled whether the amount of damages, for which the verdict was taken by consent in the court below, was too small, and whether the plaintiff would have been likely to have recovered more damages, had the appellant prosecuted his appeal, and in that way find some actual damage to this plaintiff in consequence of the appellant not having prosecuted his appeal; or whether the court would have held that the plaintiff, by having consented to a verdict in her favor for the sum of fourteen dollars damages, should afterward be estopped from saying that she was in equity and good conscience

entitled to recover more than that, in which case there could have been only nominal damages allowed, upon proof of the breach of the condition, it is not now material to inquire. It is enough to say that this defendant did not furnish a bond, but did enter into a recognizance; and the question is whether there is any authority, in any act upon our statute book, by which the court may do, in case of a recognizance, what they are required to do in case of a bond? We have been unable to find any such authority in any statute of this State, by which this court, at its trial term, acting as a court of law, have any power to chancer, to use the ancient, term the forfeiture of a recognizance. In case of a bond, that being an "obligation or contract under seal," the law requires the court, acting as a court of law, to make that equitable adjustment. So in case of the breach of the condition of a mortgage of real estate, and a writ of entry upon mortgage, the law requires the court to enter up a conditional judgment only for the amount then due upon the mortgage; but this is done in both cases only by virtue of the express provisions of the statute. But there is no statute law in this State making any such provisions, or any provisions in regard to the forfeiture of a recognizance.

We find that this distinction has been noticed and acted upon in other States. *Merrill* v. *Prince*, 7 Mass. 396, was *scire facias*, upon a recognizance taken before a justice under the bastardy act of that State. This act provided that the justice, before whom the complaint was made, "might bind the party accused, with sufficient surety or sureties, to appear and answer at the next Court of Common Pleas." The court say that, as a party may be bound with sureties, as well by recognizance as by bond, if the statute had not in another section explained in what manner the accused is to be bound, perhaps the mode of binding might be at the option of the justice; but as their statute in another section speaks of the bond

given by the accused, the court hold that the security must be given in that way only; and in delivering the opinion, *Parsons*, C. J., says : " The legislature have, therefore, defined the manner of binding over with sureties the party accused, to be by his bond to the complainant, and not by recognizance, and in this distinction the legislature have acted wisely; for the party or his sureties cannot be relieved against the condition of the recognizance, but they may be against the penalty of the bond. If, therefore, the recognizance is forfeited, the woman may recover the whole sum in which the accused was recognized, even though he might be answerable on a farther prosecution, if adjudged the putative father, to contribute to the maintenance of the child. So the recognizance may be sued, if the child be still-born, or even if the party accused be acquitted of the charge against him ; but if he be bound by bond, although the condition may be broken at law, yet the court can relieve against the penalty, on the payment of merely nominal damages, if the complaint be found false, or if the putative father otherwise give security for his contribution to the maintenance of the child, or the penalty may be reduced so as to cover and be a security for that maintenance."

We understand that there was a statute in Massachusetts similar to ours of 1791, before alluded to, and to our present statute, which gave the court the authority to take the course suggested in the opinion, in case of the bond, but gave no such authority in case of a recognizance.

*Paul* v. *Nowell*, 6 Gr. 239, is a case very much in point. That was *scire facias*, upon a recognizance entered into by the defendant, upon an appeal in a civil action from the Court of Common Pleas to the Supreme Judicial Court of the State of Maine. One condition of the recognizance was for the prosecution of the appeal in the court above. But the appeal was not entered, and the plaintiff, the

appellee in the court below, entered his complaint and obtained affirmation of the judgment of the Common Pleas, with additional damages and costs. *Mellen*, C. J., in delivering the opinion of the court, says: "As the defendant did not enter and prosecute his appeal, the condition of the recognizance was broken, and of course there must be a default entered and judgment rendered for forty dollars, that being the amount of the penalty. We have examined, and have not been able to find any power given us to consider the question in equity, and to order execution to issue for no more than is due in good conscience. The second and third sections of the statute of 1821, chapter 50, relate only to specialties under the hand and seal of the party contracting, and not to recognizances; and the fourth section relates only to recognizances taken or entered into in criminal cases, or by witnesses conditioned to appear in behalf of the State." We are informed, however, in a note to the case referred to, that in Maine, by statute of 1831, chapter 497, the remedy by hearing in chancery after forfeiture is now extended to recognizances taken in civil cases. But we have no statute in this State authorizing any such hearing in equity in any case of recognizance in either criminal or civil cases.

In *Commonwealth* v. *McNiel*, 19 Pick. 127, where the recognizance was adjudged forfeited, a reduction was made by the court upon the petition of the sureties; but that was done by virtue of an express provision of the statute in that State, authorizing the court to remit either the whole or any part of the penalty of any recognizance entered into in criminal prosecutions, either by principals or sureties; and it was not there claimed that any such deduction could be made, but in accordance with the express provisions of the statute. In accordance with these views, and upon the authorities referred to, we are compelled to hold that, in the absence of any provision in

our statute authorizing this court to remit or reduce the forfeiture of, or to chancer or find the amount equitably due upon any recognizance, entered into in any case, either civil or criminal, the plaintiff must recover, if she recover at all, the whole amount of the penalty in the recognizance.

But as the defendant may have some defence which does not appear in the case, in accordance with the agreement of the parties the defendant is ordered to plead to the plaintiff's declaration.