MARTHA M. DOYEN by JESSE M. DOYEN, her father and next friend,

*vs.*

ALBERT LEAVITT and others.

Franklin. Opinion June 4, 1884.

*Bastardy process. Bond. R. S., c. 97, § § 3, 4.*

The sureties on a bond given in compliance with R. S., c. 97, § 3, cannot be relieved of their liability, unless they surrender the principal in court before final judgment, or unless the principal complies with the order of the court

by payment, and giving the statute security for future payment, to aid in the maintenance of the child.

ON REPORT.

Action on a bond given by Leavitt as principal and the other defendants as sureties in compliance with the provisions of R. S., 1871, c. 97, § 3.

The trial in the filiation proceedings was had on the tenth day of the March term, 1882, and resulted in a verdict of guilty. On the twelfth day of the term the court convened at an earlier hour than usual, and adjourned finally before nine o'clock in the forenoon. On that day the presiding justice caused the following entry to be made in the case.

"The respondent adjudged to be the father of the child and stand charged with its maintenance (with the assistance of the complainant) as follows: . . . To give bond with sufficient sureties in the sum of $300 to the complainant, to perform the foregoing order, and to give bond to the town liable for the maintenance of the child with sufficient sureties in the sum of $200 and to be committed until he gives them. Respondent to be produced to-day." Immediately after adjournment, the respondent appeared at the clerk's office and was committed on a copy of the order of the court at his own request.

In June following, he cited the complainant under R. S., c. 113, to attend to his disclosure, when and where he was permitted by the justices to take the poor debtor's oath.

*H. L. Whitcomb*, for the plaintiff, cited: *Corson* v. *Tuttle,* 19 Maine, 409; *Taylor* v. *Hughes*, 3 Maine, 433; *Hodge* v. *Hodgdon*, 8 Cush. 294; *Doherty* v. *Clark*, 3 Allen, 151;

*S. Clifford Belcher*, for the defendants, contended that the surrender of the principal at the clerk's office, on the day and immediately after the final adjournment under the circumstances of the case relieved the sureties; that it could not be done during the early hour when the court was in session and for that reason the presiding justice put these words into the order: "Respondent to be produced to-day."

Unless these words mean that the sureties may surrender the respondent at any time during the day in which the order is made with the same effect as if they had produced him before passing the order, they are without meaning or force.

Counsel further contended, that the action of the principal in going to jail was a performance of the bond. It was in compliance with and abiding the order of the court. *Towns* v. *Hale*, 2 Gray, 199 ; *Power* v. *Fenno*, 10 Gray, 249 ; *Young* v. *Makepeace*, 108 Mass. 233.

EMERY, J. This is an action of debt on a bond given by Leavitt as principal, and by the other defendants as sureties, under R. S., 1871, chap. 97, sec. 3.

The defendants claim : 1st, to have discharged themselves from this bond by a surrender of Leavitt, the principal, in court before final judgment as provided by sec. 4, of chap. 97 ; 2nd, to have fulfilled the conditions of the bond.

I. Section 4, provides that the sureties on such a bond as this, may relieve themselves from liability by surrendering the principal "in court at any time before final judgment," in the filiation proceedings. In this case the final judgment was rendered on the last day of the term. Even if its details were not finally settled in writing till afterward, the judgment must date of that last term day. It could not date of any later day. The principal in this bond had not been surrendered in court, prior to this last day. He was not present in court at the time of the passage of the order, nor at any time during its session on the last day. After the adjournment he went to the clerk's office, and then gave himself up to the sheriff out of court, and went voluntarily into jail. This giving himself up to an officer out of court, and after final judgment and final adjournment, was not a surrender of him "*in court* before final judgment."

There is no provision in this statute for a surrender to an officer, or to the jail, nor for any surrender after judgment. The surrender must be "in court" while it is in session, and before final judgment in the case. If the defendants wished to avail themselves of the statute mode of relief, without performing the

conditions of the bond, they should have seasonably and strictly complied with the statute. The memorandum, "respondent to be produced to-day," could not vary the express language of the statute. The early and brief session of the court on the last day was no legal excuse for the failure to surrender. The principal was bound to take notice of the sittings and adjournments of the court, to follow the case through its various steps until final judgment was rendered in due course of law. He was bound to take notice of each step in the proceedings, and to attend personally when his personal attendance was by law necessary. SHAW, C. J., in *Hodge* v. *Hodgdon*, 8 Cush. 296, 297.

The defendants did not relieve themselves by the statute surrender.

II. Have the defendants complied with the conditions of the bond? The meaning and requirements of the condition of such a bond as this, were fully considered by this court in *Taylor* v. *Hughes*, 3 Maine 433. It was there expressly held that the condition of such a bond was not ·fulfilled, unless the principal *complied* with the order of court for the maintenance and for the giving the statute security therefor. This construction was expressly affirmed by this court in *Corson* v. *Tuttle*, 19 Maine, 409. In this last case, the order in the filiation proceedings was, that the respondent stand committed till he complied with the order, and he was in fact committed by the court. The defendants in the suit on the bond claimed that such order and commitment discharged the original bond, but the court held that such was not the effect, and that the conditions of the bond still remained unfulfilled, and awarded judgment for the plaintiff.

The two cases cited are decisive of this, for the defendants do not claim that the order of court was actually complied with, by payment and by giving security for future payments. We have examined the Massachusetts cases cited by defendants' counsel, but see no reason for reversing the decisions of this court. It was the duty of the defendants to have the principal personally in court at the time of the order, to abide the order. If he was not there personally, it was a breach of the obligation to appear. If he was there, and did not comply with the order by paying the

money, or giving the required security, such failure was a breach of the obligation to abide.    SHAW, C. J., in *Hodge* v. *Hodgdon*, 8 Cush. 297.

The conditions of the bond were not performed.

*Judgment for plaintiff.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and FOSTER, JJ., concurred.