GEORGE H. WHEELER *et al.* v. THE STATE OF KANSAS, *on the relation of Ida E. Robbins.*

1. BASTARDY—*Recognizance, Complied With.* A recognizance given under ¿5 of the act relating to illegitimate children, requiring the defendant to remain and abide the judgment and orders of the court, is complied with and fully performed when, after a verdict of guilty and judgment, and an order of commitment to the jail of the county on the failure of the defendant to give the bond, he is taken to the county jail and confined there in pursuance to the order of the court.

2. ESCAPE, *Facts Not Constituting.* The fact that the defendant is taken by the sheriff or his deputy into the court-house yard to help trim the trees, or gather up and haul away the brush, and do other small jobs of work around the court house, and is permitted by the sheriff to go across the street and vote at an election, do not constitute an escape for which any liability is created on the recognizance given in pursuance of ¿5 of the act.

*Error from Brown District Court.*

ACTION upon a bastardy bond. On February 6, 1886, judgment was rendered for *The State.* The defendants, *George H. Wheeler*, principal, and *Mary E. Wheeler* and *John W. Pottenger*, sureties, bring the case to this court. The facts sufficiently appear in the opinion.

*B. F. Killey*, for plaintiffs in error.

*Jas. Falloon*, for defendant in error.

Opinion by SIMPSON, C.: This was an action upon a recognizance given in a prosecution under the bastardy act, in accordance with § 5, ch. 47, Comp. Laws of 1885. The material part of the recognizance is in these words:

"That is to say, that George H. Wheeler, against whom, on the complaint of Ida E. Robbins for bastardy, is now pending in this court, shall be and appear before this court on the first day of the next term thereof, to be holden in Hiawatha, Brown county, Kansas, on the third Monday of January, 1885, there to remain and abide the orders and judgments of this court on pain of a present forfeiture herein."

This was taken and approved in open court, and was signed and acknowledged by the plaintiffs in error. Wheeler appeared, stood trial, was convicted, and was adjudged to pay for the support of the child the sum of one thousand dollars in twenty equal semi-annual payments, and the costs of suit, taxed at $379.73. He was required to secure the payment of said judgment and costs, and being unable to do so, was ordered into the custody of the jailer of the county, to be confined in the county jail. He was taken to the county jail, and has been confined there ever since the date of the commitment, up to and including the time at which this suit was tried. It was agreed, and was so found by the trial court, that Wheeler had never paid said judgment, or any part thereof, or secured the payment; that Wheeler has complied with all of the conditions of said recognizance, unless his failure to pay the judgment, or to secure the payment of the same as therein pro-

vided, is not a compliance with the terms and conditions of the recognizance; that Wheeler was committed to the county jail, and has remained there ever since, except that on several occasions in April, 1885, the sheriff required him to accompany him for an hour or so into the court-house yard, in which the jail is situated, to trim the trees and haul away the brush from said yard; that in April, 1885, he was taken by the sheriff across the street from the court house, to vote at an election; that in the latter part of April he assisted the sheriff for three hours in hauling brush from the court-house yard, about 1,140 feet from the jail, and was then returned to the jail; that on these occasions he was out of jail without any order or permission of the court, or the judge thereof, but was never out of jail except accompanied by the sheriff or a deputy.   On this state of facts the trial court adjudged that the plaintiff recover from the defendants the sum of $652, being the amount of the last recognizance with seven per cent. interest per annum thereon to date, with costs of suit; to which judgment the defendants duly excepted, and have brought the case to this court.

We are asked to reverse this judgment.   The contention supporting the judgment is two-fold: First, that the terms of the recognizance obligated those signing it to pay the judgment and costs; second, that these absences from the jail were an escape, and rendered the recognizors liable.   The first contention is disposed of by the case of *McGarry v. The State,* 37 Kas. 9.   The second contention is founded upon a strict technical definition of the word escape, as given in a class of cases that have reference to persons confined for non-payment of debts, and not to the common legal definition of that term, which means "a violent or private evasion out of some lawful custody."   The statutory definition of escape (see § 182, ch. 31, Comp. Laws of 1885) is still stronger.   But it is useless to prolong this discussion; there was no escape as contemplated or defined by any modern authority.   It may be, in view of the *McGarry case,* that this last question is not involved, as the

recognizance was fully complied with when Wheeler was committed to the county jail.

The judgment is wrong; none of the matters alleged are violations of either the terms or the conditions of the recognizance. We recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.