THE STATE, Appellant, *vs.* DAVIDSON, Respondent.

1. The principal and security in a recognizance to answer an indictment acknowledged themselves *each* to be bound in a specified sum. *Held*, their liability was several and not joint, and a remission by the governor after forfeiture in favor of the principal would not discharge the security.
2. A gubernatorial remission from liability upon a recognizance to appear in one county cannot be made to apply to a recognizance to appear in a different county.

*Appeal from Jefferson Circuit Court.*

*Scire facias* upon a forfeited recognizance. The case is stated in the opinion of the court.

Mr. *Noell*, for appellant. 1. The governor has no power under the constitution to release parties from the obligations of their recognizances. 2. If he has the power, it has not been exercised as to Davidson, whose obligation was distinct from that of Wright. Besides, the pardon has reference to a recognizance of Wright to appear in the Franklin Circuit Court, and not in the Jefferson Circuit Court.

Mr. *Jones*, for respondent. 1. The discharge of the prin-

State *v.* Davidson.

cipal from his recognizance discharges his security.   2.  A recognizance may be remitted by the governor after forfeiture. (*The Commonwealth* v. *Denniston*, 9 Watts, 142.    State Const. art. 4, sec. 6.)

GAMBLE, Judge, delivered the opinion of the court.

Davidson became bound as the security of one Wright, in a recognizance for the appearance of Wright in the Circuit Court of Jefferson county, to answer an indictment.   The recognizance was regularly forfeited, and this *scire facias* is brought to have execution for the amount.   Davidson alone was served, and relies upon a remission of the forfeiture by the governor as his defence.   The Circuit Court held it to be a defence.

By the recognizance, Wright, as principal, and Davidson, as security, acknowledged themselves *each* to be bound to the state of Missouri in the sum of one thousand dollars, for the appearance of Wright in the Jefferson Circuit Court, to which the indictment had been removed on a change of venue from the Franklin Circuit Court.   The remission by the governor remits and discharges Wright from liability upon a recognizance for the sum of one thousand dollars, entered into by Wright for his appearance before the Circuit Court of *Franklin county.* The Circuit Court held that the remission in favor of Wright discharged Davidson.

1. As we read the recognizance, each person was bound in a sum of one thousand dollars for himself, and not that both were bound for the same one thousand dollars.   To make them bound only for the same single sum, it is necessary to strike the word "each" out of the recognizance.   The remission then of one of the sums is not the remission of the other.   If the remission had been of the sum of one thousand dollars in favor of Davidson, the security, it is not supposed that it would be insisted that Wright, the principal, was discharged.   Yet the construction of the instrument ought to be the same in each case.   The obligation was several, not joint; neither was liable for the sum acknowledged by the other.

2. The remission, moreover, was not applicable to this recognizance. There was in the record a recognizance for Wright's appearance at the Circuit Court of *Franklin* county. The one on which this *scire facias* was issued was for his appearance at Jefferson county.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.