State *v.* Burnham.

STATE *versus* DANIEL BURNHAM ET ALS.

In *scire facias* upon a recognizance conditioned that the principal should
    appear and answer to an indictment found against him which was forfeited before action was brought; it is no bar to such action that the
    principal defendant was subsequently arrested in a neighboring state,
    and lodged in jail within this jurisdiction by virtue of the same indictment upon which the recognizance was taken.

A surrender of the principal in court after a forfeiture of a recognizance
    in a criminal case, before final judgment on *scire facias* will not release
    sureties without payment of costs.

REPORTED by TENNEY, C. J.

This is an action of SCIRE FACIAS, against the defendants,
on a recognizance for the appearance of the principal defendant before the Supreme Judicial Court, to be holden at Auburn, within and for the county aforesaid.

Subsequent to the commencement of this action, and before service upon the said Burnham, a requisition was obtained, by the state, from the Governor of this state, upon
the Governor of New Hampshire, for said Burnham, and
such proceedings were had thereon that the said Burnham
was arrested and brought into this state, and committed to
the state's jail within the county of Cumberland, and afterwards released therefrom upon entering into another recognizance, with sureties for his appearance before said court,
at this term.    The said requisition, and subsequent proceedings, were founded upon the same indictment, on account

of which the recognizance, which constitutes the foundation of this action, was given and entered into. The defendants were defaulted upon the recognizance, at the time alleged in the writ.

*Nathan D. Appleton*, Attorney General, for the state.

1. The recognizance is a contract, entered into by the defendants, upon *condition* that the same should be void in case the condition was performed. The condition not being fulfilled the contract became absolute.

The defendants forfeited their recognizance. Burnham was bound to appear personally, and to remain until discharged, and a default in this respect was a forfeiture of the recognizance. Comyns' Dig., Bail O ; *Commonwealth* v. *McNeill*, 19 Pick. R., 127 ; *The People* v. *Stager*, 10 Wend. R., 431.

2. This action was not commenced till December 25, 1855, long after the default of the defendants, and one court had intervened ; and the *evidence offered* of the requisition upon the Governor of New Hampshire for said Burnham, and his arrest and commitment to jail, and release on his giving another recognizance, are legally *inadmissible* in this case.

This evidence has no tendency to justify or excuse the non-performance of the condition of the recognizance, nor to prove any legitimate defence. Comyns' Dig., Bail Q, 2, 5, 6, 7 ; Davies' Mudgt. 5, ch. 150, ss. 1, 2 ; *Commonwealth* v. *Johnson*, 3 Cush. R., 454.

3. The writ in this case is good, although it does not recite the *cause* for which the said Burnham was required to appear, as stated in the recognizance. It having been entered into before a court of record having jurisdiction of criminal matters, it will be presumed to have had jurisdiction of the offence charged in this case.

But if not, as the recognizance is before the court, and that shows the cause for which Burnham was holden to appear, if necessary, the court will permit the writ to be amended, and thereby sustain the proceedings ; the omission

in the writ being merely a circumstantial error or mistake in drawing it, which may be properly corrected, by the provisions of the statute allowing amendments. R. S., ch. 115, s. 9.

4. The only power which the court has in the case, is that given by the R. S., ch. 169, s. 17, by which it is authorized, by petition, to remit the penalty, or such part of it as may be deemed proper.

*R. P. Tapley*, counsel for the defendants.

1. There is a variance between the declaration and the evidence submitted under it. The evidence submitted does not support the allegations.

2. The declaration describes a recognizance, the condition of which is materially different from that introduced in evidence.

The declaration describes one, the condition of which was to personally appear, &c., "to answer to all such matters and things as *should be* objected against him on behalf of said state." The paper introduced is conditioned to personally appear, &c., "to answer to all such matters and things as may be objected against him in behalf of said state, and *especially to an indictment found against him, and now pending, in said court, for perjury.*"

Here is a very material difference. That mentioned in the writ applies to such matters as *may be* objected against him, while that in evidence applies to such as *may be,* and also such as has been, to wit: an indictment for perjury, *now pending in said court.* The principal thing for which it was entered into was the indictment; the condition is, " and especially " to answer to this indictment for perjury.

3. There was a surrender made before service upon the defendant, Burnham, and accepted by the state.

The report shows that prior to the service upon Burnham. certain proceedings were had, by which the defendant was arrested and taken into the custody of the plaintiffs; that these proceedings were had upon the indictment, upon which the recognizance introduced was given.

State *v.* Burnham.

It is proper to notice that these proceedings were had upon the *same process* for which the recognizance was taken, and to accomplish the same purpose.

He was committed to the state's jail, and there remained, and was there held until he gave a new recognizance.

The government say it was too late for the sureties to surrender their principal, and that all the court can do for us is to remit a part or the whole of the penalty under the provisions of the R. S., ch. 169, s. 17. To sustain this position he quotes from the case of *Commonwealth* v. *Johnson,* 3 Cush. R., 454.

In this matter the learned counsel must have overlooked ch. 161 of the Laws of Maine, passed in 1845. By this statute the sureties may surrender after default, at any time before final judgment, on *scire facias*. The case of *Commonwealth* v. *Johnson* has no applicability to the case at bar.

We have still another view of this proceeding on the part of the government. Every recognizance entered into is in view of the then existing laws of the place where the contract is made, and consequently those laws became a part of the contract, so far as they are applicable to them.

In this instance the contract was made with the right, on the part of the sureties, to surrender the principal, under the provisions of the statute of 1845. It was a part of the contract between the state and the defendants. The state would have no right to withdraw this statute from their aid, and thus impose upon them a more onerous burden than they originally assumed.

By the proceedings mentioned in the report, the plaintiffs did prevent the sureties from making a surrender in any different manner than that by which it was done.

The plaintiffs suggest that the writ may be amended if it is found there is a variance between the allegations and proof. This is no time to ask for amendments. No amendment can be of any avail except to describe a contract not now described. To abandon one fully set out, and then set out another. When an action is brought on the recognizance

introduced in evidence we will endeavor to meet it by suggestions that are not embraced in this brief. Until it is sued we need go no farther than we have.

One other variance we notice. The recognizance introduced is on the penal sum of two thousand dollars. That declared on in the writ is *two thousand hundred dollars.* This may be a circumstantial error possibly. In ordinary times we should consider it no very small circumstance. In these times we should consider it a pretty important enlargement of our liabilities.

*Attorney General,* in reply.

1. The first objection made by the counsel for the defendants, is, that there is a *variance* between the declaration and the recognizance, in the *place* where the latter was entered into. The recognizance purports to be taken " at the Supreme Judicial Court, *begun* and holden at Auburn, within and for the county of Androscoggin, on the fourth Tuesday of January, 1855. But no suitable buildings having been provided, at said Auburn, for the accommodation of said court, adjourned to be *held* at Lewiston, in and for said county, and there held accordingly." The court met at Auburn, and for want of suitable accommodations immediately adjourned to Lewiston, where the business of the court was transacted.

The next objection is similar to the first, and alleges that there is a material difference in the condition of the recognizance declared on and that produced. This is no such variance as will vitiate the proceedings in this case. It is a formal error, and amendable by our statute, ch. 115, s. 9.

2. This being a *judicial* writ, is amendable, as of course. There being the record to amend by, the court will look into the record, and if there be any error or mis-recital, will correct it, as a matter of course. *McGee* v. *Barber,* 14 Pick. R., 212; *Campbell* v. *Stiles,* 9 Mass. R., 217; *Young* v. *Hosmer,* 11 Mass. R., 89; see also the R. S., ch. 171, s. 30.

The proceedings under the Governor's requisition was a mode of obtaining the person of Burnham, and making him

State *v.* Burnham.

answer to the indictment, provided by law, wholly unconnected with this requisition.

The statute of 1845, which is so much relied upon by the defendant's counsel, can afford them no relief.

The action, therefore, can be maintained consistently with the rules of law, the defendants having the right only to be heard in damages, as agreed by the report, and provided for by the statute, ch. 169, s. 17.

Appleton, J.   The act of 1854, ch. 60, incorporating the county of Androscoggin, was to take effect March 31, 1854. By s. 12, the legal voters were to decide which of three towns should be the shire town, and the governor being certified of the fact, was to make proclamation accordingly. The vote of the people determined that Auburn should be the shire town, and proclamation to that effect was made by the governor, and by these proceedings Auburn became the shire town, before January, 1855.   It was further provided by the same section, that "until the shire town shall be permanently designated as aforesaid, Lewiston shall be the shire town, and the courts shall be there held *until suitable buildings* are prepared."   Auburn having been designated the shire town, and arrangements having been made there for the accommodation of the court, the January term of this court, 1855, was commenced at that place, but the *buildings* for its accommodation not being *suitable,* in the opinion of the presiding judge, the court was adjourned to Lewiston, where the August term preceding had been held, and where better accomodations and more suitable buildings were provided.

The recognizance shows that the adjournment was made in pursuance of the authority given by the statute.

The recognizance must be regarded as valid, as "it can be sufficiently understood from its tenor," and it was taken by a court having jurisdiction to take the same.   R. S., ch. 171, s. 30.

A recognizance is a contract entered into by the recog-

nizors, on certain conditions therein specified. That contract was broken before the institution of this suit. Nothing has occurred since its commencement by which it can be legally defeated.

The requisition by the governor of this state upon that of New Hampshire, by virtue of which the principal defendant, Burnham, was brought from New Hampshire and lodged in jail in Portland, and the new recognizance then taken, were since this action was commenced. This evidence may be properly admissible in a hearing on petition before the court, under the provisions of R. S., ch. 169, s. 17, but it cannot be regarded as a bar to the action. A similar question arose in *The People* v. *Annable*, 7 Hill, 33, when in debt on a recognizance, conditioned that the defendant should appear and answer to an indictment found against him, the defendant pleaded that *after* the forfeiture of the recognizance, and *before* the commencement of the action, he was arrested upon a bench warrant issued upon the same indictment, and that he thereupon entered into another recognizance to appear and answer, the condition of which he fully kept and performed, and it was held that the matters stated in the plea constituted no defence. " In the case of *The People* v. *Bartlett*, 3 Hill R., 570, we held," remarks NELSON, C. J., in *The People* v. *Annable*, " that an imprisonment of the accused in another county, on a criminal charge, until *after* the day of appearance, excused the default. So in the case of *The People* v. *Sager*, 10 Wend. R., 431, it was held that an arrest on a bench warrant upon the same indictment, *before* the default for appearing, would discharge bail. But there is neither authority nor principle for the position that a *subsequent* arrest and discharge can work any such consequence." In the present case the recognizance had become forfeited, and the action of the government, by which the presence of the principal was procured, was rendered necessary by his avoidance.

It is insisted by the act of 1845, ch. 161, which provides that " whenever there is a forfeiture of a recognizance in a

criminal case, the bail may *surrender* the principal in court at any time before final judgment, on *scire facias*, and deliver him to the order of court," and " paying all the costs of *scire facias*, said bail shall be discharged," that the defendants should be relieved from their contract, because the principal has been in custody since the commencement of this suit, so that it was out of the power of the bail to surrender him, and because such an act would be simply nugatory, he having been committed to and being in jail. The defendants establish no defence, because they have not paid the costs, nor offered to do so. The case is not therefore brought within the principle of *Warren* v. *Gilman*, 11 Cush. R., 15, even if that be applicable, where it was held that sureties on a bail bond are discharged by a commitment of the principal on an alias execution, although a *scire facias*, commenced after a release of *non est inventus* upon the first execution, be pending at the time of such commitment, as in that case the costs of the *scire facias* had been paid.

There are variances between the writ and the recognizance which have been pointed out, and which, if not amendable, would be fatal. But by R. S., ch. 115, process is not to be abated nor judgment arrested " for any kind of circumstantial error or mistakes, when the person or case may be rightly understood." There is no difficulty in understanding the cause of action in the present case, and the writ may be amended upon terms, so as to obviate the objections taken as to variance between the writ and recognizance. *State* v. *Folsom*, 26 Maine R., 209.

The plaintiff may amend upon relinquishing costs up to the time of the amendment, and in that event a default is to be entered, and the defendants may be heard upon a petition for the remission of the penalty, in whole or in part, under R. S., ch. 169, s. 17, if they desire.