LEWIS C. WEATHERWAX V. THE STATE OF KANSAS.

1. MINORS; *Personal Liability on Recognizance; Non-consent of Guardian.*
An action on a forfeited recognizance may be maintained against a
person who executed the same to procure his own personal liberty,
although such person may have been a minor at the time he exe-
cuted the same, having a guardian for his property, and although he
may have executed the same without the consent of his guardian.

2. PARDON FOR CRIMINAL OFFENSE, *No Release on Forfeited Recogni-
zance.* And such action may be maintained, although the governor
may have pardoned the defendant after sentence in the criminal ac-
tion, and before final judgment on the forfeited recognizance.

*Error from Franklin District Court.*

ACTION on forfeited recognizance. The case was here in
January 1874; (12 Kas. 463.) On being remanded to the
district court, *Weatherwax,* on leave, amended his answer,
setting up two additional defenses: first, that one H. F. S.
was, on the 15th of January 1866, duly appointed guardian
of the property of the defendant, by the probate court of
said Franklin county, and continued to act as such from that
day until defendant reached his majority on the 28th of May
1869; and second, that on the 19th of October 1871, a par-
don of the original offense, to appear and answer to which
the pretended recognizance herein sued on was entered into,
was duly issued to defendant by the then governor of Kan-
sas — setting forth the pardon in full. The recognizance was
executed in 1868, and *Weatherwax* was tried and convicted
in the criminal action in August 1871. To said amended
answer, *The State* demurred. The district court, at the Au-
gust Term 1874, sustained the demurrer, and gave judgment
for the amount of the recognizance. *Weatherwax* brings the
case here on error.

*John W. Deford,* for plaintiff in error.
*H. C. Meechem,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a forfeited recognizance. This is the second time that the case has been brought to this court. (*The State v. Weatherwax*, 12 Kas. 463.) When the case was first brought to this court the only question involved therein was, whether a minor who was a defendant in a criminal action could bind himself personally by a recognizance entered into by himself and sureties for his personal appearance at the next term of the district court to answer to a charge in such criminal action, of committing a criminal offense. We then answered said question in the affirmative. There are now two new questions raised in the case. First: If said minor had, at the time he executed said recognizance, a guardian, who had previously been appointed by the probate court to manage the property of said minor, and if said guardian did not give his consent to said minor's executing said recognizance, would the want of such consent render said recognizance invalid as to said minor? Second: And if, after said recognizance had been forfeited, and after said minor had been rearrested, tried, convicted and sentenced in said criminal action, the governor had then granted a full pardon to said minor for the offense of which he was convicted, would such pardon release said minor from all liability on said forfeited recognizance? We must answer both of these questions in the negative. We cannot see that the fact that Weatherwax had a guardian at the time that he entered into said recognizance, and that said guardian did not give his consent thereto, can make any material difference in this particular case. It does not appear that the guardian was ready or willing to furnish his ward with that personal liberty necessary for his growth and development, nor does it appear that the guardian could have done so even if he had so desired. Nor can we see how a pardon could reach a matter wholly independent of the criminal offense charged, or of the punishment therefor. Even if the defendant had been

acquitted on the criminal charge, still this action on the forfeited recognizance might be maintained.

The judgment of the court below must be affirmed.

All the Justices concurring.