Dale & Pollitt v. Commonwealth.

CASE 89—FORFEITURE OF BAIL BOND—SEPTEMBER 24.

# Dale & Pollitt v. Commonwealth.

APPEAL FROM LEWIS CIRCUIT COURT.

1. BAIL BONDS—SURETIES—EFFECT OF PARDON.—A full and complete pardon of the accused at a time subsequent to the forfeiture of a bail bond, does not have the effect of releasing the sureties from liability thereon.

GEORGE M. THOMAS AND W. B. PUGH FOR APPELLANTS.

1. The sureties in the bond were deprived by the pardon of the right to re-arrest the accused and surrender him to the court, as they had a right to do before the pardon was granted under the provisions of section 98 of the Criminal Code; and having been deprived of this right, they should not be held liable. Little v. Commonwealth, 3 Bush, 22; Commonwealth v. Radford, 2 Duvall, 9.

2. A pardon not only releases the punishment but blots out the guilt; now if the sureties are held liable on the bail bond they will have a right of action for re-imbursement against the accused, and thus inflict a penalty upon him, although his guilt has been blotted out. Ex parte Garland, 4 Wallace, 333; Bishop's Criminal Law.

W. S. TAYLOR FOR APPELLEE.

1. The original crime is a distinct and separate offense from the subsequent forfeiture; the forfeiture of the bond is not an ingredient of or incident to the original crime, and is, therefore, not embraced by the pardon.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

Azariah Dale was indicted by the grand jury of Lewis county for a felony, and being permitted to give bail in the sum of $200 for his appearance to answer said charge in the Lewis Circuit Court, the appellants, Dale and Pollitt, became his sureties, with the usual covenants and conditions, for

the appearance of said Azariah Dale in the circuit court to answer said charge.

At the September term, 1896, the case was called for trial and a jury empaneled and sworn, and thereupon appellants appeared and consented to remain bound on the bond during trial, and about the time the case was concluded the said accused, Azariah Dale, departed from the court, whereupon the said Azariah Dale was solemnly called, and, failing to answer, an order was made forfeiting his bail bond, and summons awarded against appellants as his sureties, which was duly issued and executed, and at the next term of the Lewis Circuit Court judgment was rendered on said bond for the sum of $200, the amount of the bond, and from that judgment this appeal is prosecuted, and a reversal is asked.

The name of the accused, Azariah Dale, is not signed to the bail bond, nor does he in that bond undertake to do anything, but the sole undertaking is by appellants.

The forfeiture of the bail bond was taken September 9, 1896, and on the 18th day of the same month the acting governor issued and delivered to the said Azariah Dale, accused, a full and complete pardon for said offense, and restoring him to all privileges of citizenship. This pardon the appellants, Dale and Pollitt, plead and rely on as a bar to any recovery on said bail bond by reason of any order forfeiting same. This plea the circuit court adjudged bad on demurrer, and appellants failing to plead further, judgment was rendered.

The question of the extent and effect to be given to a pardon issued by the governor to an accused as it affects a forfeited bail bond or recognizance has never been before

this court, and able counsel has not been able to furnish us with any direct authority in this State. This question, however, was before the Supreme Court of Kansas in the case of Weatherwax v. State, 17 Kan., 428. In that case the sureties had plead as a defense to a recovery on the forfeited bail bond of the accused a full pardon, issued by the governor of the State of Kansas.

The court says "nor can we see how a pardon could reach a matter wholly independent of the criminal offense charged or of the punishment therefor. Even if the defendant had been acquitted on the criminal charge, still this action on the forfeited recognizance might be maintained."

In the case of State v. Davidson, 20 Mo., 212, cited in Am. and Eng. Enc., volume 3, page 716, the Supreme Court of Missouri held that the liability of principal and surety in a recognizance is several and not joint, and a remission by the governor after forfeiture in favor of the principal does not discharge the surety. We can not see how it can be that the pardon issued to the accused, Azariah Dale, can affect the forfeiture of the bond of the appellants. The appellants had covenanted to have the accused present when required by the court. The accused was in their custody in law at the time he left the court house and his bond forfeited, and no reason is given why he so departed. Appellant's counsel contend that by the pardon of the governor the same related to and had the effect to cancel the forfeiture of the bail bond, and made the accused a new creature, as if born again.

In the case of Mount v. Commonwealth, 2 Duvall, 95, Judge Robertson, in commenting on the pardon of Mount, says: "The pardon relieved the convict of the entire penalty

incurred by the offense pardoned, and nothing else or more," and approved the judgment of conviction by which Mount was given a greater penalty by reason of the second offense, notwithstanding the first offense was pardoned.

We are of opinion the pardon issued to the accused did not have the effect to relieve the bail. That question was entirely in the discretion of the circuit judge who tried the case. No reason is given why the accused left the court while being tried, and no statement is made to the court negativing at least the idea that his departure was with appellant's consent and knowledge.

Wherefore, the judgment of the circuit court is affirmed.