J. S. MERRILL DRUG COMPANY, Appellant, v. J. A. KNIGHTON, Defendant; W. W. LUSK, Interpleader, Respondent.

73 571
87 449

St. Louis Court of Appeals, February 15, 1898.

**Attachment:** INTERPLEA: AFFIRMATIVE DEFENSE: ONUS. In attachment of a stock of goods, on an interplea filed claiming title to the goods under a bill of sale to interpleader, to which plaintiff answered setting up affirmatively that the sale was fraudulent as to it as creditor of the vendor, it was an affirmative defense, and the burden was on plaintiff to make out this defense by a preponderance of the evidence.

*Appeal from the Greene Circuit Court.*—Before HON W. G. ROBERTSON, Special Judge.

AFFIRMED.

*G. M. Seebree, W. D. Tallow* and *John S. Farrington* for appellant.

The burden of proof is on the interpleader to show good title in himself, and the defendant may show any facts under a general denial which go to disprove interpleader's title. *Bank v. Lime Co.*, 43 Mo. App. 561; *Bosse v. Thomas*, 3 *Id.* 472; *Commission Co. v. Mason*, 16 *Id.* 473; *Pugh v. Williamson*, 61 *Id.* 165.

At the trial of an interplea in attachment, the interpleader is the plaintiff within the purview of the statute (*Cunningham v. Prusansky*, 59 Mo. App. 498), and the issue is the same as in replevin. *Distilling Co. v. Hubbard*, 53 Mo. App. 28; *Huiser v. Beck*, 55 *Id.* 675.

Although plaintiff in its answer to the interplea charged affirmatively that the sale from Knighton to Lusk was fraudulent, this did not constitute new matter for the reason that plaintiff was entitled to show a fraudulent sale under a general denial. *Sargent v. R. R.*, 114 Mo. 348; *State ex rel. v. Rau*, 93 *Id.* 126; *Fulkerson v. Mitchell*, 82 *Id.* 13; Bliss on Code Plead. [1 Ed.], sec. 333.

The burden of proof in this case was placed by the pleadings on interpleader, and should have remained on him throughout the entire case, to show a good title to the property in question. *Bunker v. Hibler*, 49 Mo. App. 536; *McCarthy v. Ins. Co.*, 45 *Id.* 373; *Marshall v. McKelvey*, 55 *Id.* 240.

*C. W. Hamlin* for respondent.

Plaintiff having alleged fraud in the sale of the goods from defendant to interpleader the burden was on him to prove it. *Deering & Co. v. Collins*, 38 Mo. App. 73; *Webb v. Darby*, 94 Mo. 621, 629; *Hausman v. Hope*, 20 Mo. App. 197.

"Where a bill of sale to one is regular on its face, and he is in possession of the property purported to be transferred by it, the burden of proof is on him who assails it in attachment to show that the transaction was fraudulent; and this although the party claiming under the bill of sale may have averred in his interplea that the sale was in good faith." *Albert v. Besel*, 88 Mo. 150, 153; *Sutter v. Luckman*, 39 Mo. 91, 99.

BLAND, P. J.— The Merrill Drug Company, a corporation, brought suit by attachment against J. A. Knighton and levied on a stock of drugs and medicines as the property of Knighton. W. W. Lusk filed an interplea claiming ownership of the goods levied upon by the purchase from Knighton. To this interplea the plaintiff filed a general denial, and in addition set up affirmatively that the sale made by Knighton to Lusk was fraudulent as to the plaintiff as a creditor of Knighton. A trial was had by a jury. The interpleader to sustain the issues on his part offered evidence tending to prove that on the nineteenth day of June, 1891, he purchased the stock of goods in controversy from the defendant J. S. Knighton, paying therefor the sum of $500. That a bill of sale was made by him to the said defendant on said day and the possession of said goods was turned over to the interpleader and that he was holding the said goods at the time of the levy of the attachment; that said interpleader did not know at the time of the purchase of

said goods from defendant that the defendant was owing the J. S. Merrill Drug Company, plaintiff, any money, and that the time of said purchase said stock of goods would invoice about $600 or $700.

The plaintiff to sustain the issues on his part offered evidence tending to prove that on the nineteenth day of June, 1891, the interpleader loaned the defendant Knighton the sum of $200 and that by agreement between the interpleader and the defendant a bill of sale was made of the stock of goods belonging to the defendant, and said goods were turned over to the interpleader to hold as security for the $200 loan to the defendant, and that said interpleader was holding said goods as security for said indebtedness at the time of the levy of this attachment. That at the time said stock of goods was turned over to the interpleader, defendant was owing the Merrill Drug Company a note for $800 past due, and that said interpleader knew that defendant was owing said note. At that time the stock of goods amounted to between $700 and $800, and the defendant Knighton had no other property except the stock of goods in controversy; that it was agreed between the interpleader and defendant that said stock of goods should be held by the interpleader until said $200 was paid by the defendant to the interpleader.

The court gave all the instructions asked for by the plaintiff, and with others for defendant, instructions which cast the burden on defendant to prove that the sale from Knighton to Lusk was fraudulent.

The contention of appellant is that the burden was on the interpleader to prove a good title to the goods, and that the fact that the answer attacked the sale for fraud did not shift the burden on plaintiff to prove its allegation of fraud by a preponderance of the evidence, as was

ATTACHMENT:
interplea:
affirmative
defense: onus.

ruled by the trial court, and as the jury were told by instructions numbers 2 and 3, *supra*. It is true that the affirmative of the issue, title or no title to the goods, was on the interpleader, and it devolved on him to prove his title by a preponderance of the evidence, but when he had so proven his title by the introduction of the bill of sale in evidence, made proof of payment and the delivery of possession of the goods to him before the institution of the attachment proceedings, the *onus* was shifted, and the plaintiff to defeat this *prima facie* title of the interpleader took refuge under its affirmative plea of fraud in the sale and offered its proof in support thereof. This was an affirmative defense, so plead and so relied on by the plaintiff, and the burden was on it to make out its special and affirmative defense by a preponderance of the evidence. The fact that in this proceeding it occupied the relation of a defendant in an attachment suit does not change the situation; the affirmative was with the plaintiff as to the issue of fraud in the sale; it had alleged it, relied upon it, and the law, not the position of the parties to the suit as plaintiff or defendant fixed the burden of proof on it. *Deering v. Collins*, 38 Mo. App. 78; *Steinwender v. Creath*, 44 Mo. App. *loc. cit.* 363; *Van Raalte v. Harrington*, 101 Mo. 602; *Tillman v. Hiller*, 11 L. A. R. 628. We discover no error in the instructions complained of and affirm the judgment. All concur.