JOHN REED *vs.* POLICE COURT OF LOWELL & another.

Middlesex.   November 15, 1898. — January 7, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Certiorari — Police Court — Recognizance — Judgment — Forfeiture.*

The facts that after default on a recognizance, which was entered into by a person arrested and brought before a police court upon a criminal complaint, and after the money deposited by him instead of giving a surety had been adjudged forfeited and had been paid to the treasurer of the county, the prisoner was recaptured on a capias issued by the police court, and was brought before that court, where he pleaded not guilty, waived an examination, and was ordered by the police court to be committed for trial before the Superior Court, where, upon indictment found, he was afterwards tried, convicted, and sentenced, do not make void the judgment of the police court declaring the money forfeited.

That a police court did not have jurisdiction to impose sentence upon a person arrested and brought before it upon a criminal complaint, and that a recognizance which he entered into for his future appearance at that court contained the words "sentence," "final sentence," and "term," do not render the recognizance void, but those words may be rejected as surplusage, or "term" may be construed to mean time, and "sentence" to mean order; and the recognizance cannot be construed so as to require his appearance before the Superior Court.

Upon default of a person who has been arrested on a complaint for the larceny of thirty-five hundred dollars, and entered into a recognizance for his future appearance at a police court, and deposited the sum of seven thousand dollars instead of giving a surety, that court has authority to adjudge the money forfeited, and to order it to be paid to the treasurer of the county.

PETITION for a writ of certiorari, to quash an order or judgment of the Police Court of Lowell.

The petition alleged that the petitioner, who was serving at the state prison a sentence of the Superior Court, was arrested

on December 24, 1897, upon a complaint for the larceny of $3,500 upon a warrant issued from the Police Court of Lowell, and entered into a recognizance before a master in chancery, the material parts of which are as follows:

"The condition of this recognizance is such, that whereas, at a Police Court holden at Lowell, on the twenty-fourth day of December, in the year of our Lord one thousand eight hundred and ninety-seven, the said John Greenhalge alias John Reed was brought before said court by virtue of a warrant, issued in due form of law, to answer to the Commonwealth of Massachusetts on the complaint under oath of Charles Sweetser of Chelmsford charging him with the crime of larceny from said Charles Sweetser, and said court having ordered said Greenhalge, otherwise Reed, to recognize with sureties in the sum of seven thousand dollars for his personal appearance at the said Police Court, next to be holden at Lowell, within the county of Middlesex, on the thirty-first day of December current at ten o'clock in the forenoon, to answer to said complaint, and to whatever else shall then and there be objected against him in behalf of said Commonwealth, and abide the order and the sentence of the court thereon, and also in like manner personally appear at any subsequent term of said Police Court to which the proceedings in the premises may be continued, if not previously surrendered and discharged, and so from term to term until the final decree, sentence, or order of the court thereon, and to abide such final sentence, order, or decree of the court, and not depart without leave. And whereas, for non-compliance with said order, the said Greenhalge, otherwise Reed, now stands committed to the jail in Cambridge, and whereas said Greenhalge, otherwise called Reed, has deposited with me the sum of seven thousand dollars in lieu of giving sureties, —

"Now, if the said Greenhalge alias Reed, according to the above mentioned order of said court, shall personally appear before the said Police Court, next to be holden at said Lowell, within and for the county of Middlesex, on the thirty-first day of December current, and then and there answer to said complaint, and to whatever else shall then and there be objected against him in behalf of said Commonwealth, and abide the order and sentence of the court thereon, and also in like manner per-

sonally appear at any subsequent term of said court to which the proceedings in the premises may be continued, if not previously surrendered or discharged, and so from term to term until the final decree, sentence, or order of the court thereon, and abide such final sentence, order, or decree of the court thereon, and not depart without leave, then this recognizance to be void, otherwise to be and abide in full force, power, and virtue."

The petition further alleged that the Police Court had no jurisdiction to try or sentence the petitioner for said offence, and could only require him to appear at the next term of the Superior Court for the county, at the February sitting thereof, in accordance with the usual recognizance to the Superior Court, in which court the petitioner was present and was sentenced upon an indictment founded upon the offence charged and the same complaint instituted in the Police Court; that the Police Court had no authority to compel the petitioner to answer as required in the recognizance in that court; that the Police Court on December 31, 1897, the date on which the petitioner was required to appear therein for examination, entered a default upon his non-appearance, and unlawfully declared said sum of $7,000 forfeited, and on January 1, 1898, paid over such sum to the county treasury for the county of Middlesex, without authority except such default; that the object of the proceedings was to secure the attendance of the petitioner at the Superior Court; that the petitioner was recaptured on January 14, 1898, and held for trial in the Superior Court at the same term or sitting when proceedings were first instituted to compel his attendance, when and where he would have been tried as required by the recognizance; that by the terms of the recognizance, the petitioner was bound to appear at the court in which he was sentenced, and his recapture could not be pleaded in the Police Court of Lowell, the proceedings therein being terminated upon the default; that the Police Court had no right to forfeit his bail until after the term of the Superior Court to which the proceedings were instituted to enforce his appearance; that the proceedings by which the bail was forfeited were beyond the jurisdiction of the Police Court of Lowell; that the adjudication of forfeiture deprived the petitioner of his property without an opportunity to appeal or have the matter determined by a jury, and was in violation of

the provisions of the Constitution of the United States, and void; and that the proceedings were also in violation of the provisions of the Constitution of the Commonwealth, and void.

The prayer of the petition was that the judgment or order of forfeiture be annulled and quashed; and that the treasurer of the county of Middlesex be directed to repay the sum so deposited to the petitioner, as provided in Pub. Sts. c. 212, § 66.

An abstract of the record of the Police Court showed that, upon a capias issued by that court, the petitioner was brought before it, pleaded not guilty, waived an examination, and was ordered to be committed for trial before the Superior Court.

The Police Court of Lowell demurred to the petition. Hearing before *Barker*, J., who, at the request of the parties, reserved the case upon the petition and demurrer for the consideration of the full court.

*W. A. Gile*, for the petitioner.

*F. N. Wier*, for the Police Court of Lowell.

FIELD, C. J. This is a petition for a writ of certiorari to be addressed to the Police Court of Lowell for the purpose of quashing or annulling an order or judgment of that court whereby the sum of $7,000, which the petitioner had deposited on giving his personal recognizance in a criminal complaint against him before that court, was adjudged to be forfeited, and was ordered to be paid to the treasurer of the county of Middlesex, and was so paid. Pub. Sts. c. 212, § 68.

The point has not been taken that certiorari is not the proper remedy. See *Lynch* v. *Crosby*, 134 Mass. 313. The proceedings on the criminal complaint appear to have been in accordance with the statutes. Pub. Sts. c. 212, §§ 26, 46, 53, 68–71. St. 1882, c. 134.

The facts that after default on his recognizance, and after the money had been adjudged forfeited and had been paid to the treasurer of the county of Middlesex, the prisoner was recaptured on a capias issued by the Police Court, and was brought before that court, where he pleaded not guilty and waived an examination, and was ordered by the Police Court to be committed for trial before the Superior Court, where upon indictment found he was afterwards tried, convicted, and sentenced,

do not make void the judgment of the Police Court declaring the $7,000 forfeited.

That the Police Court did not have jurisdiction to impose sentence upon the petitioner, and that the recognizance contains the words "sentence," "final sentence," and "term" do not render the recognizance void. The recognizance substantially follows the provisions of Pub. Sts. c. 212, § 53, without distinguishing between the cases in which the Police Court had jurisdiction to impose sentence and those in which it had jurisdiction only to hold the accused for trial before the Superior Court. The words in the recognizance which have no application to the case before the Police Court may be rejected as surplusage, or "term" may be construed to mean time, and "sentence" to mean order. The recognizance cannot be construed to require the appearance of the petitioner before the Superior Court. See Pub. Sts. c. 212, § 63. *State* v. *Crowley*, 60 Maine, 103.

If this recognizance had been certified upon default to the Superior Court, pursuant to Pub. Sts. c. 212, § 27, and a suit had been brought upon it in that court, the petitioner might have availed himself of the provisions of Pub. Sts. c. 212, §§ 62–66, but no suit has been brought on the recognizance. By Pub. Sts. c. 212, § 71, he had a remedy if he had surrendered himself, but that section contains no provisions concerning the effect of a recapture. In the present proceeding the judgment of the Police Court adjudging the money to be forfeited cannot be annulled or quashed, because it is a judgment which that court had a right to render upon the default of the respondent in the criminal complaint then pending before that court.

*Petition dismissed.*