STATE ex rel. C. C. FIELDS, Respondent, v. JOHN J. CRYTS et al., Appellants.

St. Louis Court of Appeals, March 4, 1901.

1. **Creditors: SECURITIES: UNSECURED CREDITORS.** A creditor holding two or more securities for his debt, is not compelled to surrender one in favor of an unsecured creditor, even though the one is ample to pay his debt.

2. ———: ———: ———: MARSHALLING ASSETS: EQUITY: JUNIOR MORTGAGE. The doctrine marshalling assets is an

equitable one, and can only be invoked at the instance of a creditor holding a junior mortgage.

3. ———: ———: LIEN: RIGHT TO REDEEM: EXECUTION SALE. In the case at bar, it was competent for Riddle's creditors to sell the mortgaged goods on their executions, subject to the mortgage, and the purchaser at the sale would have the right to redeem them from the lien of the mortgage.

4. **Evidence:** MORTGAGE: PRESUMPTION FRAUD: ONUS PRO-BANDI. A mortgage being fair on its face, the presumption is that it was given for a valid consideration, and the onus is on the party disputing this, to overthrow this presumption by evidence of fraud.

5. **Instruction:** CREDITOR: SECURITIES. An instruction properly declared the law which told the jury "that where a creditor has two securities, that is to say, a chattel mortgage and a deed of trust, securing the same debt, he can proceed on either security and no one can complain."

6. **Unsecured Creditors:** THEIR RIGHTS: SURPLUS. Unsecured creditors have a right to any surplus that may remain over, after the payment of the secured debt, but not the right to force the se-secured creditor to rely on any particular security or securities he has and to release others to them.

7. **Jurisdiction of Subject-Matter:** PARTIES. Where a court of common pleas had jurisdiction of the subject-matter, and the parties voluntarily appeared and submitted their persons to its jurisdiction, this gave full jurisdiction to the court to hear and determine the cause.

Appeal from Cape Girardeau Court of Common Pleas.—*Hon. Frank E. Burroughs,* Judge.

AFFIRMED *(conditionally).*

*L. R. Thomason* and *H. S. Shaw* for appellant.

(1) The court erred in giving the instructions asked on the part of relator, and those modified by the court on its own motion. Relator's first instruction is erroneous and misleading; it is erroneous in that it makes defendants liable notwith-

standing relator had, in money and valuable securities, more than the amount of his debt. The State ex rel. Redmond v. Durant, 53 Mo. App. 493; Meyberg v. Jacob, 40 Mo. App. 128; Bispham Equity (3 Ed.), sec. 340, p. 399; 1 Cobbey Chat. Mort., sec. 455, p. 602. It is misleading in that it leaves the jury to "guess at the technical meaning" of the phrases "bona fide" and "good faith" as applied to the facts of this case. Dry Goods Co. v. Schooley, 66 Mo. App. 406. Relator's second instruction is a mere abstraction, and, besides, is misleading in that it fails to properly submit to the jury the proven elements of fraud in this case. (2) Relator in claiming under the chattel mortgage, has the burden of showing every fact on which its validity depends. State to use v. O'Neil, 52 S. W. Rep. 240. Relator's third instruction is too narrow in its scope; it should include every constituent principle of law applicable to the phase of the case attempted to be covered by it. Hagan v. Railway, 51 S. W. Rep. 473; Shelley v. Boothe, 73 Mo. 74. (3) The common pleas court is a court of inferior jurisdiction, of purely statutory creation, and its powers are limited to the words of the act conferring them. State to use v. Laughlin, 53 Mo. 443; Schell v. Leland, 45 Mo. 289; Ex parte Snyder, 64 Mo. 58.

*J. L. Fort* and *J. H. Fleming* for respondent.

Appellants can't claim for and against chattel mortgage. They can't attack it for fraud and at the same time ask it to be marshalled as one of the respondent's securities. Iron Co. v. McDonald, 61 Mo. App. 559. The instructions are to be considered all together. Meads v. Railroad, 68 Mo. App. 92; McKeon v. Railroad, 43 Mo. 405; Easly v. Railroad, 113 Mo. 236; Crawford v. Doppler, 120 Mo. 362; Farmer v. Farmer, 129 Mo. 530; Warden v. Henry, 117 Mo. 530.

State ex rel. v. Cryts.

*J. H. Fleming* also for respondent.

(1) The court, at respondent's request, submitted to the jury the issue of fraud as to whether there was a "collateral agreement between Riddle and respondent" whereby Riddle was to sell the goods in the usual course of trade, and the jury found against the appellants on this issue and this court will not review their finding. Hardware Co. v. Randell, 69 Mo. App. 342. (2) The only evidence of fraud given by appellants was to the effect that, by an understanding between Riddle and respondent, Riddle was to sell the mortgaged goods in the usual course of trade, and the jury were told by respondent's instructions, that, if they found that to be a fact, their verdict should be for appellants. Until some court holds that the instructions should present a theory of the case to the jury not supported by substantive evidence, the respondent will insist that his instructions on the question of fraud in this case were proper. (3) Neither chattel mortgage was fraudulent or void upon its face. Shoe Co. v. Wilson, 63 Mo. App. 326; Barton v. Sitlington, 128 Mo. 164.

BLAND, P. J.—C. C. Fields and brother owned and conducted a hardware store in the city of Dexter, in Stoddard county. The brother died and C. C. Fields administered on the partnership estate. As such administrator, about the nineteenth of July, 1894, he sold the entire stock of hardware to Francis & Riddle for $1,598.89, on time, and took from them four promissory notes of $300 each, due in three, six, nine and twelve months, and one for $398.89 due in fifteen months from date. To secure these notes, Francis & Riddle signed and acknowledged a chattel mortgage to Fields as administrator, on all the merchandise in the store, which mortgage was duly recorded. Sometime after this, Francis sold out to Riddle, Rid-

dle assumed the payment of the Fields debt, to which arrangement Fields assented. The balance due Fields at this time was $1,435. To secure this balance and to correct an error, or supposed error, in the first mortgage, Riddle on March 13, 1895, signed and acknowledged a chattel mortgage, to Fields as administrator, on all the stock of merchandise he then had on hand and all that he might thereafter acquire and kept in the store by Riddle for sale. It was agreed that Riddle should remain in possession, with right to sell the goods, and pay the proceeds over to Fields. Riddle gave Fields as an additional security when the purchase was first made, a deed of trust on his farm, estimated to be worth from $500 to $600 over and above a prior deed of trust on it. At the time of the execution of the second chattel mortgage and in consideration therefor, Fields extended the time of payment of the first two notes to become due for thirty days. This second mortgage was duly acknowledged and recorded. On April 15, 1895, by virtue of four executions against Francis & Riddle, issued by a justice of the peace and delivered to defendant John J. Cryts as constable, he (Cryts) levied on a considerable portion of the merchandise found in Riddle's store and covered by the chattel mortgage. This property he duly advertised and sold at public auction under the several executions, realizing from the sale $378. The suit is on Cryts's bond as constable, to recover of him and his sureties the value of the goods covered by Fields's second chattel mortgage that were sold by Cryts as constable.

The answer is, first, a general denial, second, justification because the chattel mortgage is void as to other creditors, third, estoppel because Fields failed to make claim to property in due season. The only defense relied on at the trial, however, was the second, viz.: that the mortgage was void as to creditors. The jury returned a verdict for plaintiff, and assessed his damages at $1,191.25.

State ex rel. v. Cryts.

On this verdict a judgment was entered that plaintiff recover of Cryts and his sureties the penalty of the bond, $1,500, to be discharged on the payment of the damages assessed by the jury, $1,191.25. Subsequently, and pending a motion for new trial, the plaintiff remitted the sum of $181.20 and the judgment was, by order of the court, reduced to $1,010.05, and the motion for new trial was overruled. Defendants appealed.

Both chattel mortgages were fair and valid on their face. Before the sale by the constable, the respondent gave him verbal notice of his claim and forbade the sale. After the sale by the constable, respondent took possession of what goods were left in the store and sold them under his mortgage and realized by the sale $614.10. Respondent testifies that the value of the goods on hand and sold by the constable, as near as he could keep count of them, was $900.

Appellants offered evidence tending to prove that respondent gave Riddle permission to sell goods covered by the second mortgage and apply the proceeds to the payment of debts other than the one secured by the mortgage, and that Riddle did pay some of such debts. Respondent and Riddle denied that any such arrangement was entered into between them, or that respondent ever consented to the application of the proceeds from the sale of the goods to the payment of any debt other than his own. For respondent, the court gave the following instructions:

"1. The court instructs the jury that this is a suit on the official bond of the defendant, John J. Cryts, by which the plaintiff seeks to recover from the defendants, as principal and sureties on said bond, the value of certain goods upon which the plaintiff claims he had a mortgage, and which, as plaintiff alleges, the defendant, Cryts sold under executions against Thomas A. Riddle. Now, therefore, if you find from the evidence in this case, that the plaintiff had and held a bona fide

debt against said Riddle, of about the sum mentioned in the mortgage bearing date of March 23, 1895, and offered in evidence in this cause, and to secure the payment of that debt said Riddle executed said chattel mortgage and that plaintiff received the same in good faith for the purpose of securing the payment of the debt in said mortgage described and for no other purpose, then and in that event the court instructs you that you should ascertain and find: first, the balance due the plaintiff on said debt; second, the value of the goods sold by defendant under said execution. But if the balance due and owing to the plaintiff should exceed the value of the goods sold by the defendant under said executions, then your verdict should be for the plaintiff for a sum equal to the value of the goods sold under said executions.

"2. The burden of proving fraud is upon the party who alleges it, and when the facts and circumstances in evidence are as consistent with honesty and fair dealing as with dishonesty, the jury should find for honesty and fair dealing.

"3. If the jury should find from the evidence, that the chattel mortgage offered in evidence was executed by Thomas A. Riddle for the purpose of hindering, delaying or defrauding his creditors, that fact alone will not prevent the plaintiff from recovering in this case. In order to defeat the recovery of the plaintiff in this case, you must believe and find from the evidence that plaintiff accepted said chattel mortgage for the purpose and with the intent of hindering, delaying or defrauding the creditors of Thomas A. Riddle. But, if there was any collateral agreement outside of the mortgage that Riddle could sell the mortgaged goods and apply the proceeds to any purpose other than paying the mortgage debt, then such agreement, if made, rendered the mortgage fraudulent and void, no matter what the purpose or intentions of the parties were.

"4. If you find the chattel mortgage of March 23, 1895,

to be a valid mortgage, under the instructions given you, then the plaintiff had the right to sell the property covered by said mortgage to pay the debt secured by it, and if the defendant sold any part of such property under executions against Riddle after the execution and record of such mortgage, then he is liable on his bond to plaintiff for the value of said property, unless such value should exceed the balance due and owing to plaintiff in the mortgage debt and in that event defendant is liable for only such sum as would equal the balance due and owing plaintiff.

"5.　The court instructs you that the chattel mortgage offered in evidence and bearing date July 24, 1894, given by Francis & Riddle to C. C. Fields, is not fraudulent in law and that there is no evidence that said chattel mortgage is fraudulent in fact as against any creditor of Riddle, who procured the sale of the goods under execution, and, hence, if you believe from the evidence that the chattel mortgage of March 23, 1895, was given by said Riddle to Fields in lieu of and to correct the chattel mortgage of July 24, 1894, and that it was accepted by Fields in good faith for that purpose and no other, then you should find the issues for the plaintiff, provided you also believe that there was no additional agreement or understanding of the mortgage that Riddle could sell the goods mortgaged and use the proceeds for paying other debts than the mortgage debt.

"6.　The court instructs the jury that the burden of proof in this case rests upon the defendant to show that the chattel mortgage offered in evidence was fraudulent as to the creditors of Riddle, who sold the goods to pay the claims against Riddle under the executions and this the defendant must do by a preponderance of the evidence to the reasonable satisfaction of the jury."

And for appellant the following:

"4.　The court instructs the jury that if you find from

the evidence in this case that the goods sold by defendant Cryts, were sold at public auction under executions set out and admitted by plaintiff, and that they were sold for cash to the highest bidder, then you will find that the amounts received therefor to be the value of the goods so sold as described in plaintiff's petition, unless you should find that said sale was not fairly conducted.

"5.   The court instructs the jury that if you should find from the evidence in this case that T. A. Riddle, the mortgagor, in plaintiff's mortgage, remained in possession of the goods described in said mortgage, continuing to sell the same in the ordinary course of business and converting the proceeds of such sales to his own use and applying the same to the payment of other debts than the ones named in plaintiff's mortgage, and that plaintiff had knowledge of such facts and agreed or acquiesced in the same, then you will find that plaintiff's mortgage is void as a matter of fact and your verdict will be for the defendant."

I.   The appellant contends that the first instruction is erroneous, because it makes appellant liable irrespective of his other securities and money he had recovered on his debt.   The most that can be said against the instruction in this respect is that it did not tell the jury to deduct the value of respondent's deed of trust on Riddle's real estate, in arriving at what was due him or in arriving at the value of his lien on goods sold by the constable.   It is not the law that a creditor, holding two or more securities for his debt, is compelled to surrender one, in favor of an unsecured creditor, even though the one left is ample to pay his debt.   The doctrine of marshalling assets is an equitable one and can only be invoked at the instance of a creditor holding a junior mortgage.   2 Pom. Eq. Jurisprudence, sec. 1414; Colby v. Crocker, 17 Kan. 427; Iron Co. v. McDonald, 61 Mo. App. 559.

It was competent for Riddle's creditors to sell the mortgaged goods on their executions subject to the mortgage, and the purchaser at the sale would have had the right to redeem them from the lien of the mortgage.    Colbern v. Robinson, 80 Mo. 541.    There is not a ray of testimony in the record indicating that the first mortgage was not given and received in good faith, nor to taint the transaction with fraud—and there is no room for the contention of appellants, that the jury were misled by the use of the phrase, "on good faith" in the instruction, unexplained.    The facts, hypothecated in the instruction before the occurrence of the phrase, of themselves, if found true, establish good faith, and the phrase might have been omitted without impairing the sense, meaning and validity of the instruction.

II.    Instructions numbered two and six, given for the respondent, cast the onus on appellants to prove by a preponderance of the evidence that respondent's mortgage was fraudulent.    The mortgage being fair on its face, the presumption was that it was given for a valid consideration, and the onus was on defendant to overthrow this presumption by evidence of fraud. Mansur-Tebbets Implement Co. v. Ritchie, 143 Mo. 587; Merrill Drug Co. v. Lusk, 73 Mo. App. 571.

III.    Instruction three for respondent, when read, as it should be, in connection with instruction five given for appellants correctly states the law.

IV.    The seventh instruction, to-wit:    "7.    The court instructs you that where a creditor has two 'securities, that is to say, a chattel mortgage and a deed of trust, securing the same debt, he can proceed on either security and no one can complain," given for respondent, is unobjectionable.    A creditor, having two or more different mortgages on different property as to unsecured creditors, has the right to resort to which of his mortgages he will, one or more or all of them for the payment of his debt.    Unsecured creditors have a right to any

Vol 87 app—29

surplus that may remain over, after the payment of the secured debt, but not the right to force the secured creditor to rely on any particular security or securities he has and to release the others to them.

V.   The respondent testified that the property levied on and sold by the constable was, as near as he could count it, worth $900.   That was all the evidence there was as to their value, outside of the fact that they brought $378 at the constable's sale.  Yet the verdict was for $1,191.25, of which $181.20 was remitted, reducing the judgment to the actual balance due respondent on his debt.   The verdict is excessive and the remittance does not cure it.   The amount is still in excess of the value of the goods as shown by the proof.

VI.   The venue of the court was changed from the Stoddard Circuit Court to the Cape Girardeau Court of Common Pleas.·   It is contended by the appellant that no change of venue could be taken from the circuit court of any other county than Cape Girardeau to the Cape Girardeau Court of Common Pleas.   The court of common pleas had jurisdiction of the subject-matter; the parties voluntarily appeared and submitted their persons to its jurisdiction.   This gave full jurisdiction to the court to hear and determine the cause.   Scott Hardware Co. v. Riddle, Appellate Reporter, Vol. 3, No. 11, p. 482; Bankers Life Association v. Shelton, Appellate Reporter, Vol. 3, No. 12, p. 515.

It appears that the judgment as modified is yet $110.05 in excess of the value of the goods shown by the testimony. It is therefore considered that unless the respondent, within ten days from the rendition of this opinion, remit the sum of $110.05 of his judgment, the same will be reversed and the cause remanded.   If the remittitur be entered as herein provided, the judgment as modified by such remittitur will stand affirmed.   All concur.