### STATE *v.* JOSEPH FEDRICO.

A forfeiture of bail upon default, duly entered of record, has the force of a judgment.

A motion at a subsequent term that the default be stricken off and the cash bail returned is addressed to the sound discretion of the trial court; and the denial of the motion carries an implied finding of fact that justice does not require the remission of the forfeiture.

The appearance of the defendant at a later term, and his submission to sentence, are not conclusive evidence that justice requires a remission of the forfeiture.

INDICTMENT, under Laws 1923, c. 118, s. 2, for committing a crime while armed with a pistol, having no permit to carry the same.   The defendant was bound over by the municipal court of Dover and required to give bond in the sum of $800 for his appearance at the September term, 1924, of the superior court.   Cash bail was furnished by Luigi Fazzaro and the money turned over to the clerk of the superior court.   At said September term the defendant was indicted but did not appear.   The defendant and Fazzaro were severally called in court and defaulted.   Thereupon the bail of $800 was declared forfeited.   During the next term of said court (February, 1925) the defendant appeared and pleaded guilty.   He was thereupon sentenced to not less than one year and one day nor more than two years in state prison, mittimus not to issue until called for by the county solicitor.   Counsel for the defendant and for Fazzaro moved that the default be stricken off and that the $800 be returned, which motion was denied, and both the defendant and Fazzaro excepted.   Transferred by *Young,* J.

*Everett J. Galloway,* solicitor, for the plaintiff.

*J. Joseph Doherty* and *Edward Masters* (of Massachusetts), for the defendant.

SNOW, J.  The forfeiture was judicially declared at the term at which the defendant was obligated to appear, after non-appearance in answer to calls both of the defendant and of the bondsman who furnished the cash bail.  The forfeiture thus duly entered of record had the force of a judgment as of that term.  P. S., *c.* 252, *s.* 31; *Philbrick* v. *Buxton,* 43 N. H. 462, 463; *State* v. *Walker,* 56 N. H. 176, 178; *State* v. *McAllister,* 54 N. H. 156, 158.  See *Belknap County* v. *Laconia,* 80 N. H. 251.  No irregularities in the proceedings are disclosed by the record, and none have been suggested in argument. In this jurisdiction the power of the court to remit, reduce or chancer a forfeiture upon a recognizance is purely statutory.  *Philbrick* v. *Buxton,* 40 N. H. 384, 392, 395 (1860); Laws 1861, *c.* 2497, *s.* 2; Gen. St., *c.* 241, *ss.* 10, 11; and later codifications.  The motion, made at the subsequent term, that the default be stricken off and that the cash bail be returned, was therefore addressed to the judicial discretion of the trial court under the statute.  P. S., *c.* 252, *ss.* 30, 32, 33 and 35.  Its denial carries an implied finding of fact that justice does not require the remission of the forfeiture.  As the record does not purport to state all the facts or the evidence upon which the motion and its denial are based, the only contention open here to the proponents of the motion, stated most favorably to them, is that the appearance of the defendant and his submission to sentence at a later term are *ipso facto* conclusive evidence that justice requires a remission of the forfeiture.  No authorities in support of such a contention are submitted and none have been discovered.  The authorities are quite to the contrary.  *Commonwealth* v. *Johnson,* 3 Cush. 454, 458, 459; *Merrill* v. *Prince,* 7 Mass. 396, 397; *Reed* v. *Police Court,* 172 Mass. 427; *State* v. *Burnham,* 44 Me. 278; *People* v. *Anable,* 7 Hill (N. Y.) 33; *People* v. *Bennett,* 136 N. Y. 482; *Dale* v. *Commonwealth,* 101 Ky. 612, 38 L. R. A. 808.  See *Sloan* v. *Bryant,* 28 N. H. 67; R. S., *c.* 201, *s.* 6; P. S., *c.* 252, *s.* 27.  "Both principal and surety had been defaulted and the recognizance forfeited of record.  It was then manifestly too late for the surety to save his liability by a surrender of the principal.  The time for the surrender was past; the record of the forfeiture of the recognizance was made up; and the consequent liability of the surety was fixed.

At this stage of the proceedings, there is no provision of law, by which the surety, as a matter of right, can discharge himself from liability by a surrender of the principal, though the court may have power to receive a surrender, and to remit the penalty in whole or in part; but that is wholly a matter of discretion, and recognizes no right to make a surrender after forfeiture." *Commonwealth* v. *Johnson, supra.*

*Exceptions overruled.*

All concurred.